Enea v. Pfister, 180 Wis. 329.

---

ENEA, Respondent, vs. PFISTER, Appellant.

*March 10—April 3, 1923.*

*Automobiles: Injuries to pedestrian: Evidence: Sufficiency: Car operated by third person: Presumption of agency of driver: Liability of owner.*

1. Evidence that a five-year-old child was struck by defendant's truck while crossing the street and thrown into the gutter, and that the driver did not blow his horn nor slow down, is sufficient to present a jury question as to the negligence of the driver.

2. Where plaintiff seeks to hold the owner of an automobile liable for injuries inflicted when the car was being operated by another, proof of ownership makes out a *prima facie* case, as it raises an inference or justifies a presumption that the driver was the servant of the owner, driving the car in pursuit of the owner's business and within the scope of his employment; and the evidence in this case is not sufficient to overcome the probative force of the inference.

APPEAL from a judgment of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Affirmed.*

This action was brought in the civil court of Milwaukee county to recover damages for personal injuries sustained by the plaintiff's daughter, five years of age, who was struck by the defendant's Ford truck, which was going north on Milwaukee street while the little girl was crossing said street on the north crosswalk of Huron street. The jury returned a special verdict finding (1) that the defendant's automobile caused the injury in question to the plaintiff's daughter on the 16th day of August, 1921; (2) that at the time of the injury the defendant's automobile was being operated by the defendant's employee; (3) that the driver of the defendant was using the defendant's automobile in connection with the defendant's business at the time it collided with the daughter of plaintiff; (4) that the driver of the automobile failed to exercise ordinary care in the management and operation of the automobile immediately prior to the collision with the daughter of the plaintiff; (5) that such failure to exercise ordinary care was the proximate cause of the injury to plaintiff's daughter; and (6) damages $200.

The trial judge being of the opinion that the evidence did not support the answer of the jury to the third question, by which it was found that the driver of the automobile was using the same in connection with the defendant's business at the time of the injury, changed the answer to that question from "Yes" to "No" and rendered judgment in favor of the defendant. The plaintiff appealed to the circuit court,

where the judgment of the civil court was reversed and judgment rendered in favor of the plaintiff for $200. From that judgment defendant brings this appeal.

For the appellant there was a brief by *Connell & Weidner*, and oral argument by *Arthur J. Nelson*, all of Milwaukee.

For the respondent there was a brief by *Glicksman, Gold & Corrigan* and *George Sfetsos*, and oral argument by *M. K. Whyte*, all of Milwaukee.

OWEN, J.   Appellant's first contention is that there was no evidence in support of the finding of the jury that the driver of the automobile was negligent in his operation and management thereof at the time of the injury.   The evidence as to how the accident happened is very meager.   A witness, Camille Tralonge, testified that she saw the little girl coming across the street and the truck coming from the south on Milwaukee street.   She was unable to testify as to the rate of speed at which the truck was coming, but testified that it did not slow down before striking the little girl, and that it ran twenty-five or thirty feet before it stopped after striking her; she was struck about five feet from the east sidewalk and was thrown into the east gutter.   The witness also testified that the driver did not blow the horn.   The fact that the little girl was thrown into the east gutter indicates that she must have been struck by the right side of the machine and that she had gotten nearly across the pathway of the truck when she was struck.   The further fact that the driver did not slow down indicates that he was not keeping a lookout which should have enabled him to have seen the little girl and, by very slight digression, avoided striking her.   We think this feature of the case presented a jury question.

A more important question is whether the evidence supports the finding of the jury to the effect that the driver of the truck was at the time engaged in the defendant's busi-

ness. Plaintiff's evidence was sufficient to show that the truck belonged to the defendant. In fact, this was not seriously disputed. Under numerous recent decisions this testimony made a *prima facie* case for the plaintiff. *Behrens v. Hawkeye Oil Co.* (Minn.) 187 N. W. 605; *Fransen v. Kellogg T. C. F. Co.* 150 Minn. 54, 184 N. W. 364; *Potts v. Pardee,* 220 N. Y. 431, 116 N. E. 78; *West v. Kern* (Oreg.) 171 Pac. 413, L. R. A. 1918D, 920; *Dierks v. Newsom* (Cal.) 194 Pac. 518; *Breen v. Dedham W. Co.* (Mass.) 135 N. E. 130. These cases hold, in effect, that where plaintiff seeks to hold the owner of a car liable for injuries inflicted when the car was being operated by another, proof of the ownership of a car makes out a *prima facie* case, on the theory that this fact justifies an inference or raises a presumption that he who was driving the car was the agent or servant of the owner and that he was driving it in pursuit of the owner's business and within the scope of his employment. We regard this as a just and reasonable rule. It is generally an easy matter to prove the ownership of a car that inflicts injury. The public records afford evidence of this fact. But the question of whether the car was at the time being operated in the prosecution of the defendant's business is a matter peculiarly within the knowledge of the defendant and one upon which it is at times exceedingly difficult for the plaintiff to obtain proof. The exigencies of justice require the application of such a rule, which we approve and adopt.

Although the defendant testified that he did not know that the truck was in that vicinity on that day and that he had no business which required its presence at that place, and that, if it was there, it was driven there surreptitiously by his employee and for the employee's private benefit, the jury found to the contrary. The jury was not obliged to believe defendant's testimony. He described the person who drove the truck on the day of the accident but did not have the person so described in court, the only excuse being that "I

tried to find him yesterday but was unable to locate him." He did have an employee in court whom the policeman on the beat and another witness identified as the person who drove the truck at the time of the accident. Both the defendant and the employee testified that he did not drive the truck on that occasion. The identification by the policeman and another disinterested witness that the employee whom the defendant had with him in court was the one who drove the truck raised a question of credibility between the defendant and his employee and the witness who identified him. The jury might well have disbelieved defendant and his employee in this respect and discredited their entire testimony. While the evidence on the part of a defendant may be so clear and convincing as to overcome the probative force of the inference justified by the fact of ownership, the evidence on behalf of the defendant in this case is not of that order and the finding should not have been disturbed by the trial court. We come to this conclusion the more readily because the trial judge expressed the opinion (quoting from Berry, Automobiles (3d ed.) § 1059) that "In order that proof of ownership of an automobile and that it was being operated at the time in question by an employee of the owner should justify an inference that the employee was acting within the scope of his employment at that time, it is thought that it should also be shown that the employee's duties were in connection with the use of the automobile or in connection with the particular work in which the automobile was used." It will thus be seen that his action was based rather on a legal conclusion than a construction of the testimony. In other words, he changed the verdict of the jury because of a wrong concept of the law.

It is further contended that the damages awarded are excessive. While $200 seems to be a liberal award, to reduce them would savor of hairsplitting.

*By the Court.*—Judgment affirmed.