VERHEYEN, Respondent, vs. TRETTIN, Administrator, and another, Appellants.

*November 7—December 3, 1929.*

For the appellants there was a brief by *Frank, Wheeler & Pelkey* of Appleton, and oral argument by *Heber H. Pelkey*. *Edward M. Goemans* of De Pere, for the respondent.

CROWNHART, J. Leslie Burckle, driving a car belonging to Ernest Sasnowski, doing business as the Kaukauna Motor Car Company, collided with the car of Herman Miller, driven by the respondent, Leo N. Verheyen, resulting in damage to the Miller car, as found by the court, in the sum of $300, for which respondent was liable and which he paid to have the car repaired. Respondent brought this action against Sasnowski on the theory that Burckle was the agent or servant of Sasnowski in operating the car at the time of the collision, and the trial court found that Burckle was such servant of Sasnowski.

The appellants contend that the evidence does not support such finding of the court that Leslie Burckle was operating the car as the servant of Sasnowski.

It appears without dispute that the car bore a license plate of the Motor Company, and that created a *prima facie* case that the driver was the servant of the owner. Appellant's ownership of the car is admitted. *Enea v. Pfister,* 180 Wis. 329, 192 N. W. 1018. But such *prima facie* evidence is subject to rebuttal.

The sole question to determine is: Was Leslie Burckle the servant of Sasnowski while he was driving the car at the time of the collision? There is no substantial dispute in the evidence as to the facts. Burckle had traded in a Ford car to Sasnowski in December preceding the accident, and was to have a Chrysler car upon payment of the difference in price. He had not secured the Chrysler and was without a car. On March 18th, prior to the time of the accident, Sasnowski had accommodated Burckle by loaning him the same Chrysler car that he had at the time of the collision in question. Burckle had driven the car at that time to Menominee, Michigan, and back, and on that trip his brother-in-law, Randall Kuehl, had made the trip with him, so that Kuehl had full opportunity to examine the car in action. On the day of the collision Burckle wished to go

to De Pere, where his parents lived, and where his brother-in-law also lived. He arranged with Sasnowski to take the Chrysler car to make the trip. Burckle testified that he asked Sasnowski for the car, and that Sasnowski did not know why he was going to De Pere. He testified:

"As far as Mr. Sasnowski, the owner of the garage, was concerned, on the night of April 5th, when I had the accident, I might either have been on business or on my own pleasure. As far as Sasnowski was concerned, I might have gone to De Pere on a pleasure trip just as I had gone to Menominee on a pleasure trip."

George Long, an employee of Sasnowski, delivered the car to Burckle for the trip to De Pere.

Burckle testified that when he turned in his Ford car in December, he had an arrangement with Long, in the presence of Sasnowski, to procure purchasers of cars for Sasnowski, and that he was to get a commission on any sales so procured by him. No amount of commission was specified, nor was any arrangement made at the time that Burckle was to have a car for demonstration. Burckle was the agent for an express company. That was his business. There was no definite understanding between him and Long as to what time he was to give to procuring auto sales, nor any other matter connected therewith. He had no expense allowance, no authority to demonstrate the cars, and none to close a sale. He never sold a car for Sasnowski, or procured a purchaser for one. He was not on the pay-roll of Sasnowski.

At the time of the trial Sasnowski was dead and Burckle was a hostile witness. It was through his sole negligence that the accident happened, and he was liable for the damage. He testified that he would like to see the plaintiff win this case.

Burckle took his wife with him on the trip to De Pere, and they went directly to the home of his parents. He did not have an appointment with Kuehl to demonstrate a car.

While at his parents' home he called Kuehl by phone and told him he had a new car and wanted to give him a ride. He and Kuehl went to church together and then they drove around the city together. It does not appear that he made any attempt to sell Kuehl the car. He never at any time procured a purchaser for a car from Sasnowski. He never had any other business relations with Sasnowski than those here related.

The evidence does not establish that Burckle was the servant of Sasnowski at the time of the collision. Sasnowski loaned Burckle the car for the trip and Long later delivered it to Burckle. Sasnowski did not know that Burckle wanted the car for the purpose of trying to make a sale, and Burckle expressly so testified.

We think there is no credible evidence upon which a finding can be sustained that Burckle was an employee or agent of Sasnowski at the time of the collision.

*By the Court.*—The judgment of the municipal court is reversed, with directions to dismiss the complaint.