LAURENT, Respondent, vs. PLAIN, Appellant.

*September 14—October 11, 1938.*

For the appellant there was a brief by *Lehner & Lehner,* and *Adolph P. Lehner,* all of Oconto Falls, and oral argument by *Philip Lehner.*

For the respondent there was a brief by *Evrard & Evrard* of Green Bay, and oral argument by *Raymond E. Evrard.*

NELSON, J. The defendant contends that at the time of the collision Roy Sladkey, the driver of the defendant's automobile, was not the agent of the defendant, but was the

agent of the defendant's wife, and that therefore the court erred in denying defendant's motion for a nonsuit and a directed verdict. On February 22, 1937, the defendant resided at Oconto Falls with his wife and child. He was employed by the United States treasury department in its alcohol tax unit. For three weeks prior to February 22d, he had been away from home. On that day he returned to' Green Bay. Upon his arrival there, he had planned, according to his testimony, to have his brother, who was employed at Waupaca, take him from Green Bay to Oconto Falls. On that day, between 12 and 1 o'clock, Mrs. Plain was motoring toward Green Bay in the defendant's automobile. As she was unable to drive the automobile she had employed Sladkey to drive it for her. Sladkey had on numerous occasions before that day, driven the automobile for her. Mrs. Plain testified that she did not know that the defendant, her husband, was returning to Green Bay and that she was going to Green Bay to do some shopping, which included the purchase of a pair of shoes for her son. On the way to Green Bay the collision occurred. A careful review of the evidence reveals that the answers of the jury are amply supported by the evidence, except the answer which found that, at the time of the collision, Mrs. Plain and Roy Sladkey were on their way to Green Bay for the purpose of meeting the defendant. The jury no doubt based its finding upon the testimony of Officer Hogan, a Brown county highway patrolman, who testified that shortly after the collision, Sladkey told him that they were on their way to Green Bay for the purpose of picking up the defendant. However, that testimony was introduced and received by the court solely for impeachment purposes. The record reveals that when Hogan was asked a question regarding what Sladkey had said about the trip to Green Bay, objection was made by the defendant. The witness temporarily stepped aside and Sladkey was recalled and

asked whether he had told the officer that they were going to Green Bay to call for the defendant at the railroad station. He denied the making of such statement, whereupon Officer Hogan again took the stand and testified that Sladkey had stated that they were on their way to Green Bay to pick up the defendant. It is perfectly clear from the record that the evidence was offered and received for the purpose of impeaching Sladkey and not as substantive proof. However, in our view, whether that finding of the jury is supported by the evidence is quite immaterial in view of the fact that the trial court, in its written decision on the motions after verdict, found, after reviewing the evidence, that Sladkey, at the time of the collision, was the defendant's agent. While the court erroneously considered the testimony of Officer Hogan as substantive proof, it properly considered the testimony of Mrs. Plain that she was going to Green Bay to do shopping for herself and *for her minor son,* and also the testimony of Sladkey that he was often called upon by Mrs. Plain to drive the automobile during Mr. Plain's absence, and that when Mr. Plain was gone *they* often asked him to drive. It is our opinion that the evidence is sufficient to support the court's conclusion that at the time of the collision Sladkey was the agent of the defendant.

It is the law of this state that "proof of the ownership of a car makes out a *prima facie* case [of agency], on the theory that this fact justifies an inference or raises a presumption that he who was driving the car was the agent or servant of the owner and that he was driving it in pursuit of the owner's business and within the scope of his employment." *Enea v. Pfister,* 180 Wis. 329, 332, 192 N. W. 1018; *Edwards v. Kohn,* 207 Wis. 381, 241 N. W. 331; *Zurn v. Whatley,* 213 Wis. 365, 251 N. W. 435. Of course that presumption is rebuttable and must yield to undisputed credible evidence to the contrary. *Zurn v. Whatley, supra.* Although the de-

fendant testified that he did not know that his wife was driving to Green Bay and the latter testified that she did not know her husband was coming to Green Bay that day, the court, in its decision, intimated that the jury clearly had the right to disbelieve that testimony. So we have the presumption which the jury may not have deemed overcome by credible evidence, and in addition, the fact that Mrs. Plain was going to Green Bay to do some shopping for herself and for her son, and the further fact, testified to by Sladkey, that he had driven the defendant's automobile on numerous occasions when the defendant was away from home and that *they* asked him to drive it. The presumption and the evidence, in our view, supports the conclusion of agency.

The defendant's attorney earnestly contends that this case is ruled in defendant's favor by *Novak v. Zastrow,* 200 Wis. 394, 228 N. W. 473, in which it was held by a divided court that a wife, in driving her husband's automobile to and from Madison, for the purpose of bringing her mother back to her home in Monroe to visit, was, as a matter of law, not acting at the time as her husband's agent. The holding, under the facts of that case, does not conflict with the holding here and clearly does not control the present decision. In the *Novak Case,* it was also contended that the agency of the wife was established by her mother's testimony. She testified that after arriving in Madison she spent some time there and "we did some shopping." However, in that case, it did not appear whether the shopping was done for the mother, the daughter, or the defendant's family, and the testimony was therefore not considered controlling.

The question of Sladkey's agency might properly have been submitted to the jury. No request, apparently, for such submission was made. In that situation, the question of the agency of Sladkey must be deemed to have been determined by the trial court in conformity with its judgment,

sec. 270.28, Stats., especially in view of what it said in its decision.

The finding of the trial court that Sladkey, at the time of the collision, was the agent of the defendant is, in our opinion, a reasonable one, and the defendant's attack upon it is therefore without merit.

*By the Court.*—Judgment affirmed.