HANSBERRY, Respondent, vs. DUNN, Appellant.
[Four cases.]

*February 8—March 7, 1939.*

For the appellant there were briefs by *Alfred E. La France* of Racine, attorney, and *McGowan & Geffs* of Janesville of counsel, and oral argument by *Mr. La France.*

For the respondents there was a brief by *Nolan, Dougherty, Grubb & Ryan,* and oral argument by *William H. Dougherty* and *John T. Roethe,* all of Janesville.

WICKHEM, J. Plaintiff Anna Hansberry, the wife of William Hansberry, Sr., was a resident of Beloit. On March 30, 1937, at about 1 o'clock in the afternoon, plaintiff, accompanied by her aunt, Mrs. Dimmick, her son, William, and her daughters, Betty and Marilyn, drove from Beloit to Evansville to visit her sister. On their return trip

to Beloit and when driving east on State Highway No. 13 about seven miles from Beloit, there occurred at about 4:30 p. m. a collision between plaintiff's car and that of defendant. As a result of this collision, Marilyn, the infant child, was instantly killed, plaintiff Anna Hansberry and her daughter Betty were injured, and the car which plaintiff was driving was badly damaged. At the point of the accident State Highway No. 13 was surfaced with concrete eighteen feet in width with a black line marking its center. As one proceeds east at or near the point of the accident there is a marked decline and the highway curves to the right. Going west and approaching the same point there is a corresponding incline and the highway curves to the left. Plaintiff's testimony is that as she approached the point where the accident occurred at a speed of from forty to fifty miles an hour, she noticed the oncoming car of defendant Dunn and that at this time it was on its proper side of the highway, but that when she next observed it, it was on her side of the highway and that she turned left in an attempt to avoid a collision. As she turned left defendant turned sharply to his right side of the road, and the left front of defendant's car struck the side of plaintiff's car at a point near the hood and engine. Her testimony is corroborated by her son William, Jr., and by a disinterested witness. Dunn's testimony is that as he approached the place of the accident he was on his own or right side of the highway and that when he first observed the plaintiff's car coming down the decline and around the curve its left wheels were over the center line of the highway and upon his side of the pavement. Upon noticing this fact he claims to have turned his car slightly to the right; that plaintiff then turned her car to the right to get back to her side of the pavement and immediately thereafter swung her car to the left so that it was facing in a northwesterly direction, crosswise on the pavement with the front of the car on the north side of the pavement and the rear of the car on the

south side of the pavement; that he swerved his car to the right but its left front crashed into the right front of the plaintiff's car. Certain marks on the north side of the highway are claimed by defendant to be identifiable respectively as proceeding from the right wheels of plaintiff's car and the left wheels of defendant's car. These marks are argued by defendant to confirm his testimony with respect to the course of the cars.

Defendant's first contention is that the verdict of the jury convicting him of actionable negligence has no support in the evidence. This contention is applicable to each of the four appeals. It is claimed that the physical facts consisting of the marks upon the pavement indicate clearly that the testimony of plaintiff could not be true. One of the marks in question is apparently a tire mark which begins at about the center line somewhat east of the expansion joint at or near which the accident took place and curves to the north and west and thence south to the center line. The mark is almost entirely upon the north side of the highway, starting and ending at the center line but curving to the north. To the east and north of this mark is another mark extending in a northwesterly direction. Nearly all of this mark is to the north of the first mark. Witnesses for the defendant identified the first mark as that of the right rear wheel of the Hansberry car. The second mark was identified with the Dunn car. We see nothing in these marks that constitutes a corroboration by the physical facts of defendant's story and renders plaintiff's evidence incredible. It is perfectly possible consistently with plaintiff's story that her car was whirled around counterclockwise in such a way as to make this mark. This court has several times taken judicial notice of the fact that it is difficult to reconstruct movements of two vehicles which have come into collision under circumstances permitting further movement of the vehicles after the impact. We think that the jury was warranted in accepting plaintiff's

story that defendant failed to keep a proper lookout; that he was proceeding at too high a rate of speed in view of the curve and the conditions of visibility created by it; that he was negligently traveling on the wrong side of the highway approaching the curve; that he failed to yield one half of the highway when meeting plaintiff; and that the management and control of his automobile under the circumstances was negligent and careless. There being no contention by plaintiff that the findings of the jury with respect to her negligence are not sustained, we shall only consider her negligence as an incident to the disposition of defendant's next contention.

Defendant next contends that having found plaintiff guilty of the same acts of negligence of which they found defendant guilty, the negligence of each was at least equal as a matter of law, and that the jury's finding that defendant was more negligent than plaintiff should not be allowed to stand. Defendant relies upon statements in *McGuiggan v. Hiller Brothers,* 209 Wis. 402, 407, 245 N. W. 97, to the effect that cases in which a court can say as a matter of law that the negligence of plaintiff is equal to or greater than that of defendant "will ordinarily be limited to cases where the negligence of each is of precisely the same kind and character," and *Brown v. Haertel,* 210 Wis. 345, 351, 244 N. W. 630, to the effect that, "if the negligence of each consisted simply in a failure to look, and they both had ample opportunity to discover each other, it might be that their negligence would have to be held equal."

Defendant takes the position that when the jury finds negligence in the same respect on the part of each party, it should not be permitted to weigh and compare the negligence further; that, for example, if the two parties are each found negligent as to lookout, the court must hold as a matter of law that the negligence is equal and not permit the jury to speculate whether one was more negligent in respect to look-

out than the other. If any other rule is adopted, defendant contends that it will result in sustaining verdicts based upon speculation or guess. The case of *Schmidt v. Leary,* 213 Wis. 587, 591, 252 N. W. 151, is squarely against defendant's contention, and he asserts that this case should be overruled. In that case the jury found both plaintiff and defendant guilty of negligence as to speed, lookout, and management. It found each item of negligence to be a cause of the collision. The jury also found plaintiff negligent with respect to entering an intersection against the traffic lights, and that the defendant was not negligent in this respect. The contention there made by defendant was that since in three respects the jury found the negligence of the two drivers precisely the same and in addition found plaintiff negligent in a manner in which defendant was not negligent, plaintiff's negligence must necessarily be greater than that of defendant. The court said, however, that:

"While the three particulars in which the parties were found negligent are designated in the same way in the verdict, the degrees of the negligence of the parties in the several particulars may have differed widely, and the total negligence of defendant may thus have exceeded that of the plaintiff's husband. The defendant's want of vigilance as to lookout may have been greater than that of plaintiff's husband; his speed may have been greater; his want of care in controlling his car may have been greater; he may have entered the intersection last; he was approaching from plaintiff's left."

We are not disposed to recede from the position taken in the *Schmidt Case.* It is true that the court may occasionally be able to determine from the record that two items of negligence of the same character are equal in quality or that as a matter of law one of them is greater than the other. This is more apt to be possible in cases where speed, lookout, or the violation of some particular rule of the road is involved. It is less apt to be possible in cases involving findings of negligence with respect to management and control. In any event,

it must be possible from all the circumstances of the case as disclosed by the record for this court to be able to say that the negligences are equal in quality and that is why this court has said that it can rarely come to this conclusion. We are satisfied, however, that the court may not adopt a rule of thumb that will check off automatically lookout against lookout, control against control, etc., holding these items equal as a matter of law in every case.

The recent case of *Hustad v. Evetts, ante,* p. 292, 282 N. W. 595, is a useful illustration of the point. In that case plaintiff was delivering milk. He was parked between the intersecting streets and was driving a stand-up delivery wagon. He had made a delivery and returned to the delivery truck and then without looking jumped from his truck and was instantly hit by the car of defendant, who was also convicted of a failure to keep a proper lookout. The jury found plaintiff guilty of negligence with respect to lookout, but found his negligence to be less than that of the defendant. This court reversed the decision and held that negligence having been found by the jury, it was necessarily under all the circumstances as great as that of the defendant. From the facts in that case, the court was compelled to conclude that had plaintiff exercised the slightest degree of lookout the accident would not have occurred. It was also evident from the record that there was much more occasion for a careful lookout on the part of plaintiff, who was proposing to enter the street at a point other than the crosswalk and from a truck which completely screened him from the observation of drivers, than on the part of defendant who was driving between intersections and had less reason than plaintiff to anticipate a sudden invasion of his line of travel. In view of this, the court concluded that the plaintiff's negligence was as great or greater than that of defendant. It was about as complete a want of care as plaintiff could be guilty of, whereas defendant may have somewhat relaxed his lookout

in view of the fact that there was little traffic and that he was not in the immediate vicinity of an intersection.

It is our conclusion that defendant's contention as to the law applicable to the situation must be rejected. Upon the facts, we are satisfied that it was within the province of the jury to conclude that defendant's negligence was at least slightly greater than that of plaintiff both in quality and causal contribution. At least the record furnishes no yardstick by which any error in this respect may be demonstrated.

The next contention is common to all four cases. Each case arose out of the same collision, and the cases were consolidated and tried together. Separate costs were allowed in each case. This is contended to be error for the reasons that sec. 260.12, Stats., provides that when more than one person makes a separate claim for damages against the same person or persons based upon the same alleged negligence, they may unite in prosecuting their claims in one action; that sec. 263.04, Stats., provides that plaintiff may unite in the same complaint several causes of action; and that sec. 271.02 (1), Stats., provides in cases where several actions are brought against parties who might have been joined as defendants and the actions are consolidated that:

"No costs, other than disbursements, shall be allowed to the plaintiff in excess of what he would be entitled to had he brought but one action."

Defendant contends that from all the foregoing statutes and the reasons behind their enactment the conclusion is unavoidable that since the four actions that here were tried together could have been joined under one complaint, costs in the nature of fees should be allowed in only one of the cases. The contention cannot be sustained. None of the statutes cited deals with the situation here involved. Sec. 271.02 (1), Stats., deals only with the situation where several actions are brought against several defendants who might have been joined in one action. The statutes do not cover the

case where there are several plaintiffs and one defendant. The several plaintiffs are suing in different rights and the cases are consolidated as a matter of convenience and economy in the administration of justice. The statute permits the parties to join but does not compel them to do so. All have separate and distinct causes of action and full control over these causes of action subject to the right of the court to consolidate the cases for trial. We discover no ground upon which separate costs could have been denied.

It is conceded by plaintiff that in one respect the judgment should be modified. In the Betty Hansberry case the damages recovered were less than $1,000, and the costs allowed were $100. Under the provisions of sec. 271.04 (1), Stats., the allowance should have been limited to $50.

Defendant next contends that there should be a new trial in each case upon the ground that various procedural errors were committed by the trial court. We consider that this opinion should not be extended by a detailed discussion of these errors, none of which are argued in any detail. It suffices to say that we have carefully examined them and that we conclude that no prejudicial error was committed.

The foregoing fully deals with all questions applicable to the Anna Hansberry and Betty Hansberry cases. There remain to be considered certain contentions of defendant applicable to the case of William Hansberry and that of William and Anna Hansberry. It is claimed by defendant that Anna Hansberry was the agent of her husband, William Hansberry, in driving the automobile at the time of the collision and that her negligence is imputed to him and precludes him from recovery for medical and funeral expenses and damages to his car as well as damages due to the death of his daughter, or if it does not, requires that his recovery be diminished by the percentage of Anna Hansberry's negligence. This contention is based upon the assertion that the car being owned by William, it is presumed, in the absence of evidence to the contrary, that the driver of it was his agent

under the doctrine of *Enea v. Pfister,* 180 Wis. 329, 192 N. W. 1018. It is beyond question that William owned the car and that this created a presumption of agency on the part of any person found to have been driving it. This presumption, however, did not shift the burden of proof to William to prove that his wife was not his agent on this occasion. It merely required him to go forward with some evidence reasonably tending to rebut the presumption. Anna Hansberry's testimony was to the effect that she made the trip in her husband's car for the purpose of visiting her sister. This being the stated purpose of the visit, it is a reasonable inference that the trip was made for her own purposes and not for those of her husband. There was no request for the submission of any question involving agency and the provisions of sec. 270.28, Stats., apply to create a presumption of a finding by the trial court that Anna Hansberry was not driving the car as the agent of her husband. It follows that the negligence of Anna Hansberry is not to be imputed to William Hansberry. This conclusion requires affirmance of the William Hansberry case, but leaves a further question with respect to the case in which William and Anna Hansberry join to seek damages arising out of the wrongful death of their infant daughter.

It is contended that due to the negligence of Anna Hansberry, one of the statutory beneficiaries, recovery upon this cause of action is precluded or at least that the recovery should be diminished by the percentage of Anna Hansberry's negligence. Reliance is had upon *Potter v. Potter,* 224 Wis. 251, 257, 272 N. W. 34, in which this court said:

"With respect to cases where the statute has created in certain specified beneficiaries a cause of action for death by wrongful act, it is generally held that the negligence of a statutory beneficiary bars his recovery."

In this case the court was reviewing the state of the authorities upon the question whether a beneficiary under a death-by-wrongful-act statute was subject to the defense that

his negligence contributed to the death and it was not intended to deal in any way with the comparatively recent rule of comparative negligence. We hold that where a statute has created in certain specified beneficiaries a cause of action for death by wrongful act the negligence of the beneficiary must be compared with that of the tort-feasor and his recovery diminished or defeated in accordance with the result of that comparison. In this case there are two beneficiaries, one of whom is subject to no defense and the other subject to having any recovery to which she might be entitled diminished by the percentage of her negligence. It is asserted that the negligence of one statutory beneficiary affects all, and that therefore the full recovery is subject to being diminished. We think this is not the law of Wisconsin. In *Munsert v. Farmers Mut. Automobile Ins. Co.* 229 Wis. 581, 281 N. W. 671, a seventeen-year-old boy was driving his father's car with his consent and had riding with him a brother six years old. An accident occurred caused by the negligence of the seventeen-year-old boy and resulting in the death of the six-year-old child. The liability policy had a provision in it excluding payment to the insured, and this was held to preclude any recovery by the father. The court said (p. 588):

"The father being prevented from recovery by the exclusion clause of the policy, the recovery allowable goes to the mother. The interest of the parents in the recovery where father and mother both recover is equal and one half of the compensation allowed by the verdict belongs to the mother. The mother is therefore entitled to recovery of one half of the amount assessed."

Upon the basis of this decision we conclude that William Hansberry is entitled to receive $1,250 or one half of the recovery, and that Anna Hansberry is entitled to receive $1,250 diminished by forty-five per cent, the amount of her negligence. This requires that the judgment in the Anna and William Hansberry case be modified to this extent.

*By the Court.*—In the cases of Anna Hansberry v. Dunn and William Hansberry v. Dunn the judgments are affirmed.

In the case of Betty Hansberry v. Dunn the judgment is modified as indicated in the opinion and as so modified is affirmed. Respondent to have costs in this court.

In the case of William Hansberry and Anna Hansberry v. Dunn the judgment is modified as indicated in the opinion and as so modified is affirmed. Appellant to have costs in this court.