BURANT, Respondent, vs. STUDZINSKI and another, Appellants.

*March 13—April 9, 1940.*

For the appellants there was a brief by *Atwell & Atwell* of Stevens Point, and oral argument by *W. E. Atwell*.

For the respondent there was a brief by *Meleski & Bablitch* of Stevens Point, and oral argument by *John Meleski*.

FAIRCHILD, J. The defendant Barney Studzinski owns the truck that was being driven by his son Richard on June 14, 1936, the time when the injury to the plaintiff occurred. Richard used the truck to take his mother, his sister, and a girl living with the family to church at Polonia, about five miles from the home of Barney Studzinski.

So far as Richard's case is concerned the evidence sustains the findings made by the jury holding him guilty of seventy-five per cent of the negligence, and the judgment against him must stand. Whether or not Barney Studzinski is responsible for the damages is a different matter. If we assume that he knew Richard was intending to take the truck, although Richard had been told not to do so, that knowledge would not answer the requirements which must be met in order to establish liability against the owner of the truck. The question of whether Richard was his father's agent was left to the court. The correctness of the determination by the court is the subject of this inquiry. The truck belonged to Barney, but the trip to church was made for the purposes of Mrs. Studzinski, Richard, and the two girls as individuals. Barney did not participate in the trip in any way other than to tacitly consent to the use of the truck. The ordinary rules as to actual, apparent, express, or ostensible authority must be applied. 5 Am. Jur. p. 701, § 361; 20 A. L. R. 142, 99 A. L. R. 420; *Novak v. Zastrow*, 200 Wis. 394, 228 N. W. 473. The family-purpose doctrine as affecting liability of the owner of an automobile has not been adopted in Wisconsin. This has been frequently pointed out in cases

reviewed in this court. *Crossett v. Goelzer,* 177 Wis. 455, 188 N. W. 627; *Zeidler v. Goelzer,* 191 Wis. 378, 382, 211 N. W. 140. In speaking of this type of case Mr. Justice DOERFLER there said:

"In each one of these cases the common law was adhered to that the liability of an owner of an automobile when operated by any other person, whether he be a stranger or a member of the family, can only be predicated on the principles obtaining in the law of master and servant and of principal and agent; that liability results from the doctrine of *respondeat superior;* that when an automobile is operated by a member of the family under circumstances which indicate that it is used solely for the pleasure of the family or for any member or members thereof, liability does not ensue from the mere relationship existing; and that where a machine is taken out solely for the individual pleasure or comfort of a member of the family, even though it be with the consent of the owner, no liability against the owner can ensue."

We fail to find in the record any evidence that can do more than suggest that Barney Studzinski permitted his truck to be used by others for their own purposes—that of going to church—a matter which pertains to the interest of the particular individual, especially in the case of adults. The mother, who was originally a party to this action, was dismissed from liability. The finding of the court in these words: "Barney knew that the family were going to church that morning and that they were going to use this truck and that Richard would be the driver," and "that Barney knew of the contemplated use of the truck on June 14th, the day of the accident, and sanctioned Richard, his son, driving it," is not a finding of a request on the part of Barney or that he derived any benefit or advantage therefrom, and therefore does not support a conclusion of liability attaching to Barney. 2 Am. Jur. p. 260, § 332; *Zurn v. Whatley,* 213 Wis. 365, 251 N. W. 435; *Philip v. Schlager,* 214 Wis. 370, 253 N. W. 394.

The rule that a father is not liable for the negligent acts of his minor children in driving his car unless he requested or expressed a desire that the trip be taken and obtained some benefit or advantage from it has been clearly set out in the case of *Zurn v. Whatley, supra,* and many others. In the case at bar, however, it is held that under the facts no request or desire upon the part of the father was shown or that he derived any benefit. Consequently this case falls outside that rule, and the father is not to be held liable. The presumption arising that the driver of a car is the agent of the owner is not a presumption in the sense of shifting the burden of proof to the owner, but merely shifts upon him the burden of going forward with the evidence. It is a presumption arising from the feeling that the owner is in the best position to have such evidence, and it is one of fact only, and not a presumption of law. *Hansberry v. Dunn,* 230 Wis. 626, 284 N. W. 556.

The evidence which was admitted over the defendant's objection was in its nature an impeachment of the witness Martha Studzinski, but the rulings by the court, under the evidence of this case, cannot be held to be prejudicial error. Sec. 274.37, Stats. We do not find any error in the instructions of the court with reference to answering properly the questions of damages included in the special verdict.

*By the Court.*—Judgment reversed as to Barney Studzinski, and affirmed as to Richard Studzinski. Cause remanded with directions to dismiss the complaint as to the defendant Barney Studzinski.