SEVEY and wife, Respondents, vs. JONES, Appellant.

*May 8—June 4, 1940.*

For the appellant there was a brief by *Vaudreuil & Tennessen* of Kenosha, and oral argument by *Clarence A. Tennessen*.

For the respondents there was a brief by *Julius Grotsky,* attorney, and *Kadwit & Lepp* of counsel, all of Kenosha, and oral argument by *Mr. Grotsky.*

MARTIN, J. The court found that at the time of the collision in question, one June Elizabeth Shelley was operating defendant's car as agent of said defendant, who accompanied her on a trip. The court further found that said June Elizabeth Shelley drove defendant's car carelessly and negligently; that she failed to keep a proper lookout or watch upon or along said highway for approaching vehicles; that she failed and neglected to observe the approach of the Sevey car from the opposite direction; that as she approached the Sevey car, she failed and neglected to operate defendant's car on its right-hand side of the highway; and that as a result of such negligent operation of defendant's car, a collision occurred by reason of which plaintiffs sustained injuries. The court found no negligence on the part of either plaintiff.

Defendant's sole contention is that there is no evidence to sustain the finding of agency. This contention necessitates a full statement of all the facts disclosed by the testimony.

It appears that Jones and Miss Shelley had been keeping company for at least nine months, during which period the couple had dates at least three times a week, on which occasions defendant frequently took Miss Shelley for a ride in his car. On the date in question, while on an auto trip, defendant permitted her to drive his car. He testified that she proposed the trip and asked that she be permitted to drive the car so that she might get more experience because she wanted to get a driver's license, that she selected the roads which they traveled.

Defendant, on the afternoon in question, called for Miss Shelley at her home in Kenosha. He testified that after he had driven out into the country some distance, he stopped the car for the purpose of removing his overcoat, at which time Miss Shelley moved into the driver's position and took the

wheel; that she drove to Lake Geneva, and suggested that they return to Kenosha by way of Twin Lakes so that they might stop at her aunt's home. They did not stop at the aunt's home. Miss Shelley continued to drive until the collision in question occurred. She sustained injuries in the collision resulting in her death before the trial of this action.

Defendant testified that Miss Shelley was a good driver; that when they were on automobile trips, he generally drove the car, but that she wanted to drive on this occasion. He further testified that she had driven his car each week for about six months and that she had no difficulty in keeping the car on the road. He further testified that it was not a pleasure trip, however, admitting that he enjoyed being with his lady-friend.

Mr. Sevey, accompanied by his wife, was driving in a westerly direction on Highway No. 50. Defendant's car was proceeding in an easterly direction. Immediately before the accident, Miss Shelley was driving defendant's car between forty and forty-five miles an hour. Defendant testified that on account of a bad tire, he told her not to drive too fast.

Mr. Sevey testified that he was driving about thirty to thirty-five miles an hour, and that there was a string of cars approaching from the west; that he noticed a car zigzagging out of the lane of traffic approaching from the west; that immediately before the collision, defendant's car appeared to be out of control; that he turned his car to the right, off the concrete onto the north shoulder as far as he could go; and that his car was on the north shoulder of the highway when struck by defendant's car.

Appellant makes no contention of any negligence on the part of either plaintiff. As stated above, appellant's only contention is that the court erred in finding that Miss Shelley was at the time his agent in driving the car.

"Agency is the relationship which results from the manifestation of consent by one person to another that the other

shall act on his behalf and subject to his control, and consent by the other so to act. . . .

"(a) The relationship of agency is created as the result of conduct by the parties manifesting that one of them is willing for the other to act for him subject to his control, and that the other consents so to act. The principal must in some manner indicate that the agent is to act for him, and the agent must act or agree to act on his behalf and subject to his control.

"(b) It is not necessary that the parties intend to create the legal relationship or to subject themselves to the liabilities which the law imposes upon them as a result of it. On the other hand, there is not necessarily an agency relationship because the parties to a transaction say that there is, or contract that the relationship shall exist, or believe it does exist. Agency results only if there is an agreement for the creation of a fiduciary relationship with control by the beneficiary. Restatement of the Law of Agency, sec. 1, pp. 7, 8." *Georgeson v. Nielsen,* 214 Wis. 191, 196, 252 N. W. 576.

In the instant case there was consent by defendant, owner of the car, to Miss Shelley's driving. There was consent on her part to drive, subject to defendant's control. There was at least some element of mutual pleasure present.

In *Enea v. Pfister,* 180 Wis. 329, 332, 192 N. W. 1018, the court said:

"That where plaintiff seeks to hold the owner of a car liable for injuries inflicted when the car was being operated by another, proof of the ownership of a car makes out a *prima facie* case, on the theory that this fact justifies an inference or raises a presumption that he who was driving the car was the agent or servant of the owner. . . . We regard this as a just and reasonable rule. It is generally an easy matter to prove the ownership of a car that inflicts injury. The public records afford evidence of this fact."

In *Laurent v. Plain,* 229 Wis. 75, 78, 281 N. W. 660, the court said:

"It is the law of this state that 'proof of the ownership of a car makes out a *prima facie* case [of agency], on the theory

that this fact justifies an inference or raises a presumption that he who was driving the car was the agent or servant of the owner and that he was driving it in pursuit of the owner's business and within the scope of his employment.' [Citing cases.]"

The court further said:

"Of course that presumption is rebuttable and must yield to undisputed credible evidence to the contrary."

To the same effect see *Hansberry v. Dunn,* 230 Wis. 626, 637, 284 N. W. 556. Under the rule of the foregoing cases, there was in the instant case, a presumption from the defendant's ownership of the car that Miss Shelley was, at the time in question, driving same as the agent of the defendant. Such presumption required some evidence on the part of the defendant reasonably tending to rebut same.

In *Schmidt v. Leary,* 213 Wis. 587, 252 N. W. 151, the husband was driving his wife's car; the car had been purchased for use in the wife's business. When the accident occurred, the plaintiff (wife) and her husband were on a trip to visit friends. On the question of agency of the husband, the court, at page 589, said:

"The plaintiff owned the car. It was purchased for use in the conduct of her business as a licensed masseuse. While it was not being used at the immediate time in the prosecution of or in connection with such business, it is not necessary to constitute agency that it was being so used. *It is sufficient that it was being used for her pleasure.* The jury were justified in believing from the evidence, if indeed they would have been justified in finding otherwise, that the plaintiff was as much interested in the trip as her husband; that the trip was taken as much for her pleasure as her husband's. That the driver of an automobile is equally interested with another in a particular trip does not prevent him from being the agent of the other. *Gehloff v. Kandler,* 204 Wis. 464, 234 N. W. 717. The plaintiff as the owner of the car had the right to control the actions of the driver in driving it on the trip, whether she had occasion to exercise it or not.

Ownership of a car is *prima facie* evidence that the driver is acting as the owner's agent in driving it. *Edwards v. Kohn,* 207 Wis. 381, 241 N. W. 331; *Enea v. Pfister,* 180 Wis. 329, 192 N. W. 1018; *Brown v. Haertel,* 210 Wis. 352, 244 N. W. 633."

If Miss Shelley was the agent of defendant, it is elementary that her negligence is imputed to him. The trial court is judge of the weight and credibility of the defendant's testimony. Its finding on the question of agency must stand unless this court can say that the finding is against the great weight and clear preponderance of the evidence. This we cannot do.

*By the Court.*—Judgment affirmed.