HANSON, Appellant, vs. ENGEBRETSON and others, Respondents.

*November 4, 1940—March 11, 1941.*

128

For the appellant there were briefs by *Boyle & Boyle* of Darlington, *Sanborn, Blake & Aberg, Ernest H. Pett,* and *Edwin Conrad,* all of Madison, and oral argument by *Mr. Wilfred Boyle* and *Mr. Pett.*

For the respondents there were briefs by *Kopp & Brunckhorst* of Platteville, and oral argument by *Arthur W. Kopp.*

The following opinion was filed December 3, 1940:

FOWLER, J. From the foregoing detailed statement of facts it appears that this is a host-guest, master-servant automobile collision case, in which the widow of a guest who was killed in the collision sues the servant, the master, and the master's insurer to recover under the death-by-wrongful-act statute, sec. 331.03, because of the negligence of the servant in driving the car. The jury found the servant driver causally negligent, and that the servant was engaged in the master's business at the time of the collision. The court awarded judgment against the servant for the damages assessed by the jury, but dismissed the complaint as against the master and the insurer. The plaintiff appeals from the portion of the judgment dismissing the complaint. The only error assigned is the dismissal.

It is settled by the decisions of this court that a master is not responsible for injuries negligently caused by his

servant in operating the master's car to one whom the servant without authority takes into the car as a guest, even though the servant is at the time engaged on the master's business. *Seidl v. Knop,* 174 Wis. 397, 182 N. W. 980; *Mittleman v. Nash Sales, Inc.,* 202 Wis. 577, 232 N. W. 527; *Hartman v. Badger Tobacco Co.* 210 Wis. 519, 246 N. W. 577. The *Hartman Case* is the last word of this court on the point. The point is fully discussed in the opinion in that case. In this situation there is no need to cite decisions of courts in other jurisdictions.

The appellant claims that the rule above stated does not apply to the instant case because, (1) the Chapmans (master) stated, in reporting to the industrial commission an injury to Engebretson, that the injury was received in course of his employment; (2) the evidence shows that the servant had authority to take a prospective purchaser of a car into the car he was driving while soliciting a sale; (3) a presumption arises from the master's ownership of the car that the car was being used in the master's business; (4) there is a presumption that the servant did not violate his duty not to take a guest into the car; (5) the jury inferentially found that the deceased was a prospective purchaser of a car whom the servant had authority to take into the car.

(1) The statement here involved does not, in our opinion, constitute an admission that Engebretson was engaged at the time of the collision in trying to sell the deceased a car, which would be the only conceivable way in which he could have been so engaged as to impose liability. Engebretson was in the employment of the Chapmans. The evidence as to the statement is as follows:

"Report was made to the industrial commission, and in that report to the industrial commission, it is a fact that we reported that at the time of the accident he was an employee of ours.

"*Q*. And you also admitted and reported to the industrial commission that he was in the course of his employment at that time, didn't you? *A*. Yes.

"*Q*. And that was the truth? *A*. Yes."

This does not make the statement one of fact that Hanson was a prospective purchaser. Unless Engebretson was in fact engaged in trying to sell a car to Hanson, the statement would constitute only a conclusion of law to that effect as distinguished from an admission of fact.

(2) That Engebretson had authority to take a prospective purchaser into the car he was driving is not material unless the deceased in fact was a prospective purchaser and Engebretson was at the time engaged in trying to induce him to purchase. There is no evidence to warrant an inference that Engebretson was so engaged. To support the inference that he was so engaged the appellant relies solely upon the presumptions stated above in (3) and (4).

(3) In *Enea v. Pfister,* 180 Wis. 329, 332, 192 N. W. 1018, it is said that proof of ownership of a car driven by another makes a *prima facie* case of liability for injuries caused in its operation "on the theory that this fact justifies an inference or raises a presumption that he who was driving the car was the agent or servant of the owner and that he was driving it in pursuit of the owner's business and within the scope of his employment." This presumption however is one of fact and is rebuttable. The effect of the rule merely is to put it up to the owner to go on with his proof as to the facts. Evidence as to these facts being produced, the burden still rests on the plaintiff to establish that the driver of the car was acting within the scope of his employment. *Burant v. Studzinski,* 234 Wis. 385, 388, 291 N. W. 390. Here two refuting facts appear without dispute. At the time of the collision the driver had departed from the route he would take in bringing the car to South Wayne,

and the injured person was taken into the car by him. The reason for the rule of the *Pfister Case, supra,* is that "Whether the car was at the time being operated in the prosecution of the defendant's business is a matter peculiarly within the knowledge of the defendant and one upon which it is at times exceedingly difficult for the plaintiff to obtain proof." *Pfister Case,* p. 332. The reason for the rule entirely fails in the instant case. The defendants were prevented from showing the fact as to the purpose of the deceased's presence in the car by plaintiff's counsel's objecting under sec. 325.16, Stats., to Engebretson's testifying to any conversation or transaction with the deceased. The court sustained such objection. The plaintiff, however, was not so prevented from examining Engebretson, the only possible source of showing the fact. The reason for the rule thus fails in both particulars. The reason not applying, neither does the rule. Under the situation involved, and the evidence as it stood, we consider that the burden rested on the plaintiff to prove that Engebretson took the deceased into the car as a prospective purchaser.

(4) What is above said as to the application of the presumption stated in (3) applies with equal force as to the presumption stated in (4). If it be conceded that in some situations a presumption as stated will be applied, it does not follow that it applies in every situation. The plaintiff cannot by objection to Engebretson's testifying for the Chapmans and their insurer as to whether the deceased was a prospective purchaser, preclude the defendants from proving the fact and then, when the only possible source of proof is open to the plaintiff and the plaintiff has closed that source to the defendants, by failing to present the proof, support her case by a mere presumption that Engebretson was not violating his duty. Presumptions are applied to compel the production of evidence, if any exists, not to

exclude its production. This is done in furtherance of the administration of justice, not to thwart it.

(5) Counsel do not agree as to the fact found by the jury by their answer to question 4 of the verdict quoted in the statement of facts preceding the opinion. Plaintiff's counsel contend that the question was submitted for the jury to determine whether Engebretson took the deceased into the car as a prospective purchaser. The defendants' counsel contend that it was submitted for the jury to determine whether the deviation of Engebretson from the direct route between Gratiot to South Wayne excluded the deceased from the coverage of the insurance policy which limited coverage to persons injured when the insured car was being used "incidental to and necessary in the conduct of the business" of the defendants Chapman. The contentions in this respect seem to us irrelevant. If the question applies, as plaintiff claims, the finding of the jury is without support in the evidence. If the meaning be as defendants claim, then the answer stands, but the judgment is nevertheless supported by the finding of the court that the deceased was as matter of law a guest of Engebretson and not a guest of the Chapmans. The basis of the court's dismissal of the action is plain, both from the record of what happened at the conclusion of the evidence and what was said in a written decision filed. That ground was that as matter of law a servant although acting in his master's business in driving a car does not impose liability upon the master by taking a guest into the car. The only fact that under the undisputed evidence would take the case out of that rule is that the deceased was a prospective purchaser; and that as there was no evidence that the deceased was a prospective purchaser the action should be dismissed as against the defendants Chapman and their insurer. In that view we concur.

*By the Court.*—The judgment of the circuit court is affirmed.

A motion for a rehearing was denied, with $25 costs, on March 11, 1941.