BORKENHAGEN, Appellant, vs. BAERTSCHI and others, Respondents. [Two cases.]

LARSON, Administratrix, Appellant, vs. SAME, Respondents. [Two cases.]

PECK, Appellant, vs. SAME, Respondents.

*October 8—November 4, 1941.*

For the appellants there were briefs by *McGowan & Geffs,* and oral argument by *Jacob Geffs* and *Eli Block,* all of Janesville.

For the respondents there was a brief by *Jeffris, Mouat, Oestreich, Wood & Cunningham* of Janesville, and oral argument by *Otto A. Oestreich.*

MARTIN, J.    The collision out of which these actions arise occurred on Sunday, June 25, 1939, at the intersection of town highways in the town of Plymouth, Rock county. It is alleged in each of the complaints that the collision was due to certain acts of negligence on the part of defendant Baertschi; and it is alleged that at the time Baertschi was operating his Ford car as an agent of the defendants Clarence LaFleur, Paul J., and Catherine Murphy, copartners engaged in business as L. & M. Motors.

Defendant Baertschi defaulted in all the actions. The other defendants answered and denied that Baertschi was acting as their agent, servant, or employee. The trial court granted a separate trial on the issue of agency. The jury, by its verdict, found that at the time in question Baertschi was acting as the agent, servant, or employee of the copartnership doing business as the L. & M. Motors. Upon motions after verdict the trial court set aside the jury's finding and substituted therefor a negative answer. Whereupon judgment was entered in each action dismissing same as to all

defendants, except defendant Baertschi. Appellants assign this as error.

We find no material conflict in the evidence. It appears without dispute that in the late forenoon on Sunday, June 25, 1939, the defendant Baertschi drove his Nash coupe to the L. & M. Motors place of business in the city of Janesville to make a trade of his car for another car. He there contacted one Coulter, a salesman for the L. & M. Motors. As a result of negotiations, a deal was made whereby Baertschi traded in his Nash coupe to the L. & M. Motors on a Ford car. The trade and sale were evidenced by a conditional sales contract.

The L. & M. Motors gave Baertschi a bill of sale of the Ford car. The conditional sales agreement between Baertschi and the L. & M. Motors shows that the purchase price of the Ford car was $195, on which Baertschi was given credit for $55 on the trade-in of his Nash coupe. He paid $10 in cash, leaving a balance due on the purchase price of $130. There was a finance charge of $32.60, leaving a total balance due in the sum of $162.60, which Baertschi agreed to pay in twelve equal monthly instalments of $13.55.

When the bill of sale and conditional sales agreement were executed, Baertschi indorsed his certificate of title to the Nash car and delivered same to L. & M. Motors. L. & M. Motors did not deliver its certificate of title to the Ford car to Baertschi, as they had agreed to procure and pay for the license for the remainder of the current year for the Ford car, and for that reason retained the certificate of title until the license plates for the Ford could be applied for. At this time the L. & M. Motors garage plates were on the Ford car; and it appears without dispute that either Coulter or LaFleur told Baertschi that he might use their garage plates on the Ford car until they had procured new license plates. It further appears without dispute that at some stage of the negotiations Baertschi requested that he be permitted to take

the two rear tires from the Nash coupe, stating that he would substitute two tires which belonged to his brother-in-law and were at the time on this brother-in-law's farm, where Baertschi was visiting over the week end. During this conversation Baertschi stated that his brother-in-law had indicated to him that he would pay $5 for the two rear tires on the Nash car at the time.

It appears that before Coulter consented to the exchange of tires, he inquired of Baertschi as to the condition of the tires which he proposed to exchange. Baertschi replied that the tires belonging to his brother-in-law were in pretty good condition but were somewhat oversized. Either Coulter or LaFleur stated that if the tires were in good condition Baertschi could make the exchange if he wished. Whereupon Baertschi stated that he would make the exchange and that he would personally do the work, that is, get the two tires which were then at his brother-in-law's farm, bring them to the L. & M. Motors garage, take off the rear tires from the Nash coupe, and put the other two tires on. Baertschi stated that he would do so that afternoon. He was told that he would have to get back with the tires before 3 p. m., as they closed the garage at that time, it being Sunday.

Baertschi left the L. & M. Motors garage, driving the Ford car which he had just purchased, proceeded to his brother-in-law's farm where he got the two tires, put them in his Ford car, and started back to the L. & M. Motors garage in Janesville. The accident occurred while he was on his way back to Janesville with the tires.

Do these facts warrant a finding that at the time of the accident defendant Baertschi was acting as the agent, employee, or servant of L. & M. Motors, or warrant an inference of such relationship? In this connection, appellants argue that because defendant Baertschi was driving the Ford car bearing the L. & M. Motors license plates when the accident

occurred, that fact created a *prima facie* case that the driver Baertschi was the servant, agent, or employee of the L. & M. Motors.

In support of this contention, appellants cite *Verheyen v. Trettin,* 200 Wis. 205, 206, 227 N. W. 861, and *Kruse v. Weigand,* 204 Wis. 195, 203, 235 N. W. 426. All that is held in these cases is that a car bearing certain license numbers is presumed to be owned by the person to whom the license numbers are issued and to be driven by the owner thereof or his servant.

Appellants' argument, based upon the use of the L. & M. Motors license plates on the Ford car at the time of the accident, can have no bearing on the ownership of the Ford car at the time, because it is conceded that the defendant Baertschi was the owner. Even if it were not so conceded, such use of the license plates on the Ford car would only create a presumption that Baertschi was the servant of the L. & M. Motors, to whom the license plates had been issued. Such presumption is, of course, rebuttable. *Enea v. Pfister,* 180 Wis. 329, 192 N. W. 1018; *Buchholz v. Breitbach,* 193 Wis. 224, 213 N. W. 329; *Kruse v. Weigand, supra,* p. 203.

Speaking of this presumption, in *Hansberry v. Dunn,* 230 Wis. 626, 636, 284 N. W. 556, the court said:

"It is claimed by defendant that Anna Hansberry was the agent of her husband, William Hansberry, in driving the automobile at the time of the collision and that her negligence is imputed to him and precludes him from recovery for medical and funeral expenses and damages to his car as well as damages due to the death of his daughter, or if it does not, requires that his recovery be diminished by the percentage of Anna Hansberry's negligence. This contention is based upon the assertion that the car being owned by William, it is presumed, in the absence of evidence to the contrary, that the driver of it was his agent under the doctrine of *Enea v. Pfister,* 180 Wis. 329, 192 N. W. 1018. It is beyond question that William owned the car and that this created a presump-

tion of agency on the part of any person found to have been driving it. This presumption, however, did not shift the burden of proof to William to prove that his wife was not his agent on this occasion. *It merely required him to go forward with some evidence reasonably tending to rebut the presumption.* Anna Hansberry's testimony was to the effect that she made the trip in her husband's car for the purpose of visiting her sister. This being the stated purpose of the visit, it is a reasonable inference that the trip was made for her own purposes and not for those of her husband."

To same effect see *Burant v. Studzinski,* 234 Wis. 385, 386, 291 N. W. 390.

Appellants make the further argument that under sec. 85.02 (6), (7), Stats., L. & M. Motors were prohibited from loaning their license plates on the Ford car to Baertschi to use thereon until new plates could be procured. Assuming that there was a violation of this statute, there is no dispute as to the circumstances under which the license plates were loaned.

Appellants make the further argument that at the time the accident occurred Baertschi was transporting the property (the two tires from his brother-in-law's car) of the L. & M. Motors, with their knowledge, consent, and direction to have said tires at the garage by 3 p. m. They say:

"That is the only business that Baertschi had in Janesville; otherwise, he would not have been making the trip."

Upon the undisputed facts, this argument is without merit. It was Baertschi who requested the privilege of making the exchange of tires. He personally agreed to do the things which had to be done in order to make the exchange, namely, to return to his brother-in-law's farm, get the two tires, bring them to the L. & M. Motors garage, and perform such labor as would be incident to taking off the two rear tires from the Nash coupe and replacing same with the two tires from his brother-in-law's car. None of the partners of the L. & M.

Motors, or any of their employees, gave any instructions or directions to Baertschi other than to tell him that he would have to be back to the garage by 3 p. m. as that was their closing hour on Sunday. There was no evidence from which any inference of agency on the part of Baertschi can be drawn. The exchange of tires was for the accommodation of Baertschi and his brother-in-law.

In the Restatement, Agency, § 1 (1), provides:

"(1) Agency is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act."

Under comment *a* on this section, it is said:

"The relationship of agency is created as the result of conduct by the parties manifesting that one of them is willing for the other to act for him subject to his control, and that the other consents so to act. The principal must in some manner indicate that the agent is to act for him, and the agent must act or agree to act on his behalf and subject to his control."

Since there is no support in the evidence to sustain the verdict rendered, we must hold that the trial court properly changed the answer from "Yes" to "No" and entered judgment dismissing the several actions as to all defendants, except defendant Baertschi, who did not contest the actions.

Appellants assign error because they were not permitted to examine the defendant Baertschi adversely over the objection of counsel for the other defendants. It appears that as soon as the jury was impaneled and sworn, plaintiffs' counsel announced that he would like to call Mr. Jacob Baertschi adversely. Thereupon, counsel for the other defendants stated:

"We have no objection to Mr. Baertschi's being called, but not adversely on this issue [the issue of agency], for the reason that the only way in which the defendant Baertschi

can be called adversely, if your honor please, is after it has been shown that he is an employee of the L. & M. Motors, and at this time he cannot be called adversely."

The jury was excused and arguments were made to the court on the point raised by defendants' objection, after which objection was sustained. Plaintiffs' counsel then moved that defendant Baertschi be called as an adverse witness and as a party defendant to the suit. This motion was denied. Then plaintiffs' counsel called Mr. Baertschi as a witness on behalf of the plaintiffs, and examined him in great detail in reference to all transactions relating to the trade-in of his Nash coupe, the purchase of the Ford car from the L. & M. Motors, and his use of the garage license plates. There is not a single fact referred to in appellants' brief or their reply brief which was not fully gone into in their examination of Mr. Baertschi. Baertschi was in default. He made no answer to the complaint in any of the several actions. As between him and them there was no issue. Any fact or circumstance concerning which he might have been examined on the theory of his being the agent or employee of the L. & M. Motors, by reason of his use of the garage license plates on the Ford car after he had purchased same, and his trip into the country to get the two tires which belonged to the brother-in-law to exchange for the two rear tires on the Nash coupe which he had traded in, was fully covered in the plaintiffs' examination of him as a witness on their behalf. No claim is here made that any evidence was excluded which plaintiffs relied upon to establish their cases. There is no conflict in the evidence as to any material fact. The verdict of the jury was in the plaintiffs' favor on the only issue tried.

There being no evidence to sustain the verdict, the several judgments must be affirmed.

*By the Court.*—The several judgments from which the appeals herein were taken are affirmed.