EDWARDS, Respondent, vs. GROSS and another, Appellants.

*April 8—May 6, 1958.*

92

For the appellants there was a brief and oral argument by *Crosby H. Summers* of Janesville.

For the respondent the cause was submitted on the brief of *Kevin J. Keenan* of Beloit.

BROADFOOT, J.   So far as the defendant Izola Gross is concerned, no question is raised as to the service of the summons in the action. The sole question to be determined is whether the service of the complaint which was attached to the summons was a sufficient compliance with the provisions of sec. 330.19 (5), Stats. In brief this section of the statutes provides that notice of injury shall be given to the defendant within two years from the date of the accident. Said statute further provides that when an action shall be brought and a complaint actually served within the two-year period the notice of injury need not be served.

It is the contention of Izola Gross that sec. 85.05 (6), Stats., providing for service on the commissioner of the motor vehicle department, refers only to process and that the complaint served is not process. In *Oldenburg v. Hartford Accident & Indemnity Co.* 266 Wis. 68, 62 N. W. (2d) 574, it was held that a notice of injury alone could not be served on a nonresident defendant under the provisions of then sec. 85.05 (3) as it was not a process. However, in the present case, the issue is governed by the provisions of sec. 262.08, part of which reads as follows:

"PERSONAL SERVICE ON INDIVIDUALS AND ITS EQUIVALENT. For personal service or its equivalent, the summons, and the accompanying complaint or notice aforesaid, if any, shall be served by delivering a copy thereof as follows:

"(5) In the situations specified in sec. 85.05 (6), service in accordance with the procedure specified therein shall be the equivalent of personal service."

Thus, the legislature has authorized the service of the complaint upon a nonresident motorist who has been involved

in an automobile accident in Wisconsin when served with the summons, by service upon the commissioner of the motor vehicle department. In *Sorenson v. Stowers*, 251 Wis. 398, 29 N. W. (2d) 512, the court was dealing with a slightly different statute (sec. 85.05 (3), Stats. 1941), but with a similar fact situation. In that case the defendant was a nonresident motorist. An accident occurred on August 6, 1939, on a highway in Milwaukee county. On August 4, 1941, the summons and complaint were prepared and forwarded to the commissioner of motor vehicles. On August 5, 1941, the plaintiff's attorneys mailed to the nonresident defendant at his last-known address a copy of the summons and complaint. The last-known address of the defendant was Warren, Michigan. The papers were returned to the said attorneys with a notation showing delivery to the defendant was not made for the reason that delivery was refused and the further reason that the addressee had moved and left no address. The court there held that actual notice to a nonresident defendant in an automobile damage action is not essential to due process where notice and copy of process has been sent by mail in accordance with statutory provisions.

Thus, in the present case there was service upon Izola Gross within the two-year period and the trial court correctly denied her motion for summary judgment.

As to the defendant Kenneth Gross we have a different situation. There was no allegation in the complaint that Izola Gross was the agent of Kenneth Gross. In support of the motion for summary judgment there were filed the affidavits of both Izola Gross and Kenneth Gross that at the time of the accident Izola Gross was driving her husband's automobile upon a social errand of her own and not on any business of her husband; that he had no interest in the use to which the automobile was being put, and obtained no benefit from such use, nor was such use made or pursued at his request or for his benefit.

In opposition to the motion for summary judgment the plaintiff filed an affidavit in which she stated, with reference to the question of agency, that she verily believed that at the time of the collision Izola Gross was driving and using said automobile as an agent of her husband, Kenneth Gross. Sec. 270.635, Stats., dealing with summary judgments, states that the affidavits must be made by persons who have knowledge thereof and set forth evidentiary facts. The statement by the plaintiff in her affidavit was the statement of an ultimate fact or legal conclusion rather than an evidentiary fact, and therefore does not comply with the requirements of the statute. The affidavit is silent as to any evidentiary facts upon which the plaintiff formed her belief.

The trial court felt that there was a presumption of agency because the automobile was owned by Kenneth Gross. There is such a presumption of agency. *Enea v. Pfister,* 180 Wis. 329, 192 N. W. 1018; *Laurent v. Plain,* 229 Wis. 75, 281 N. W. 660; *Hansberry v. Dunn,* 230 Wis. 626, 284 N. W. 556; and *Sevey v. Jones,* 235 Wis. 109, 292 N. W. 436. The trial court further held that this presumption could not be overcome solely by an affidavit supporting the motion for summary judgment as the evidentiary facts in the defendant's affidavits were peculiarly within the knowledge of the defendant and should be open to challenge and possible refutation upon cross-examination.

In this respect we cannot agree with the trial court. The evidentiary facts contained in the defendants' affidavits did overcome the presumption of agency and entitled the defendant Kenneth Gross to summary judgment unless the plaintiff's affidavit raised issues sufficient to entitle her to a trial thereon. There was no attempt to take an adverse examination of the defendants in South Beloit, although such procedure is authorized by statute. Had that been done and had there been an inconsistent or ambiguous statement, then the plaintiff could have followed the procedure suggested in the

following words in *Leuchtenberg v. Hoeschler,* 271 Wis. 151, 158, 72 N. W. (2d) 758:

"If in the instant case an affidavit had been filed by defendant, or one of his counsel, stating that an issue was raised as to the time when Evenson made the alteration in the offer to purchase, and that defendant intended at the trial to cross-examine plaintiff with respect to the hereinbefore-quoted ambiguous answer given by him in his adverse examination, it would have been the duty of the trial court to have denied the plaintiff's application for summary judgment."

Upon the record before us the motion of Kenneth Gross for summary judgment should have been granted.

*By the Court.*—The order denying the motion of the defendant Izola Gross for summary judgment is affirmed. The order denying the motion of the defendant Kenneth Gross for summary judgment is reversed, and cause remanded with directions to enter an order granting said motion.

HALLOWS, J., took no part.