HAUGEN, Respondent, vs. WITTKOPF and another, Appellants.

*January 12—February 9, 1943.*

*Donald L. Farr* of Eau Claire, for the appellants.

For the appellant William Wittkopf there was also a brief by *I. E. Rasmus* of Chippewa Falls.

For the respondent there was a brief by *Stafford & Stafford* of Chippewa Falls, and oral argument by *Harold E. Stafford.*

FOWLER, J.    The plaintiff, a guest in an automobile driven by the defendant Wittkopf, his host, sued his host and his insurer to recover for injuries sustained in a collision of the automobile with another automobile.    The host's car ran into the rear of another car stopped ahead of it on the right-hand lane of a three-lane highway.    Trial was had to a jury. The jury found that the host was negligent as to lookout in

operating his automobile "at and immediately prior to the collision," and that his such negligence was causal. This finding is clearly supported by the evidence. They also found that the guest did not assume the risk incident to such negligence of the host. Upon this verdict the court granted judgment as stated preceding the opinion. The only point raised by the appellants is that the guest as matter of law assumed the risk incident to the host's negligence as to lookout.

The plaintiff claims that a guest never assumes the risk incident to negligent lookout of his host. It is true that we have held in many cases, beginning with *Poneitowcki v. Harres*, 200 Wis. 504, 228 N. W. 126, that under the facts therein involved the guest did not as matter of law assume such risk. The doctrine of this court as to assumption of risk in automobile collision cases harks back to *Cleary v. Eckart*, 191 Wis. 114, 210 N. W. 267. It is there held, and the court has ever since consistently adhered to that holding, that the duty of a host is to use ordinary care not to increase the dangers to his guest inherent in the condition of the car or the skill or judgment of the host-driver. Such risks the guest assumes as matter of law. As matter of law the guest also assumes the risk of dangers incident to the host's negligent driving of which he is aware and in which he acquiesces of whatever that negligence may consist. The negligence of the host as to lookout which the guest does not assume is the momentary act or nonaction of the host of which he has had no knowledge and to which he has had no opportunity to protest or object. That dangers inherent in insufficient lookout may be assumed as matter of law is held in *Knipfer v. Shaw*, 210 Wis. 617, 246 N. W. 328, 247 N. W. 320, and *Walker v. Kroger Grocery & Baking Co.* 214 Wis. 519, 252 N. W. 721. Where the negligent lookout of the host does not persist long enough before a collision to enable the guest to protest the guest does not assume the risk incident to it. *Koepke v. Miller*, 241 Wis. 501, 6 N. W. (2d) 670. But when it does so persist he does assume it, just as he assumes

the risk incident to the host's negligent speed, *Page v. Page,* 199 Wis. 641, 227 N. W. 233, or negligence in following too closely to a car ahead, *Schneider v. American Indemnity Co.* 241 Wis. 568, 6 N. W. (2d) 644. Whether the guest assumes the risk incident to negligent lookout is, of course, usually a matter of fact to be decided by the jury. But obviously, as in the *Knipfer* and *Walker Cases, supra,* the circumstances may be such that he does assume it. Such in our opinion is the instant case as seems to us conclusively to appear from the undisputed facts and the plaintiff guest's own statements. These matters are here stated.

The guest and host returning to their homes in Eau Claire from participating in a match bowling contest at Cornell, stopped at Chippewa Falls for an evening meal, after which they started on for Eau Claire, but turned off the main road to a night club about a half mile east of it. They stayed there bowling until 1:30 a. m. It was February and the weather was cold. When they entered the car to leave for Eau Claire the windshield and windows of the car were heavily frosted. On reaching the main road they stopped. They opened the side windows to look for approaching traffic, each looking out on his side. No traffic approaching, they closed the side windows and started on down the main road. The defroster was on and had cleared a semicircular place at the bottom of the windshield on each side, about four or five inches high at the time of the collision, two or three inches high when a mile away. The plaintiff kept a lookout on his side and had to duck his head down to see through the clear space. They were traveling forty-five to fifty miles per hour. The plaintiff testified that when a mile away from the place of the collision "we had to duck our heads down in order to see much; did not have to duck so much at the time of the collision. . . . I knew Bill [host] was not driving as he usually was. He wasn't keeping the lookout he usually does. . . . I didn't say anything about the way he was driving. . . . It is roughly two miles from where we came into

53 [the main road] to the scene of the accident. It appeared to me that for that distance of two miles Bill wasn't exercising his usual care. He wasn't weaving around the road but he would get down to look through and go quite a distance before he would look down again. He would look through the opening in the frost and then would not look through for a while. He started driving like that when we drove south on 53. I noticed him doing this several times. I didn't feel it was my place to say anything. I was a guest in his car. I didn't know it would avoid an accident if I said anything. I think Bill would have been more careful if I said something to him. I didn't feel free to say anything to him. I do not know whether his failure to keep his head down was the reason for the accident. If he had kept his head down so he could have seen through the frost the accident might not have happened. Nobody said anything about how he was driving until the instant before the collision when I said 'Look out Bill.' . . . The reason for him not keeping a careful lookout didn't occur to me. I could see he wasn't driving like he ordinarily did. When he looked down through the windshield he could see, but when he lifted his head up again two or three seconds would elapse before he took another look. Several times he did this and he would let about the same time elapse before looking again."

It is possible that the jury's finding of the host's negligence as to lookout was based on the condition of the windshield. If so the plaintiff clearly assumed the dangers incident to that condition. If not so based it was necessarily based upon the host's not keeping a sufficiently constant lookout through the cleared portion of the windshield. But if so the guest knew of the host's conduct in that regard through two miles of driving. He had ample opportunity to make timely protest against what he thought and the jury found to be an insufficiently careful lookout of the host, and he must be held to have assumed the risk incident to his host's negligence in that respect.

The plaintiff urges that assumption of risk is an affirmative defense and can only be raised unless asserted by answer. Assuming that to be true,—a matter we do not decide,—it does not avail the plaintiff, for the defendant host so asserted that defense and there can be no recovery against him. While the answer of the insurer did not so assert that defense, its liability is to indemnify the host, and as the host is not liable the insurer is not and there can be no recovery against it.

As there can be no recovery at all against either defendant there is no need to consider the moot question suggested by the plaintiff's motion for review that were the defendant host liable to the plaintiff the insurer would be liable to the plaintiff for the excess of the recovery against the defendant host over the amount of the coverage clause of the policy by reason of the insurer's refusal to accept an offer of settlement made by the plaintiff during the trial for an amount less than the policy coverage.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with directions to the court to enter judgment dismissing the complaint on the merits with costs.