WHEELER, Respondent, vs. RURAL MUTUAL CASUALTY INSURANCE COMPANY and another, Appellants.

*April 9—May 6, 1952.*

530

For the appellants there was a brief by *Riley, Riley, Pierce, Willink & Thompson* of Madison, and oral argument by *Thomas W. Pierce.*

For the respondent there was a brief by *Callahan & Arnold* of Columbus, and oral argument by *E. Clarke Arnold* and *Carroll B. Callahan.*

FAIRCHILD, J. A host driving a car in which his guest is riding is, in law, required to exercise such skill and judgment as he possesses in the management of the car with relation to the laws of the road and the exercise of ordinary care for the safety of his guest. "A guest takes the host as he finds him, so far as skill and judgment are concerned, but he is entitled to assume upon entering the car that the host will obey the laws of the road." *Olson v. State Farm Mut. Automobile Ins. Co.* (1947), 252 Wis. 37, 40, 30 N. W. (2d) 196. See *Poneitowcki v. Harres* (1930), 200 Wis. 504, 509, 228 N. W. 126. It has been held that the established rule as to assumption of risk by a guest " 'should not be extended to situations where a host is inattentive and careless in making observations, to situations where his faulty judgment is based upon faulty premises proceeding from careless observation, or to hasty judgments resulting from careless observations.' " *Rudolph v. Ketter* (1940), 233 Wis. 329, 333, 289 N. W. 674. See *Harter v. Dickman* (1932), 209 Wis. 283, 288, 245 N. W. 157; *Goehmann v. National Biscuit Co.* (1931), 204 Wis. 427, 430, 235 N. W. 792. In the case last referred to, it is said, "The momentary management of the car should be left to the driver." In *Poneitowcki v. Harres, supra,* it is said that it is also the duty of the host "to exercise ordinary care not to increase the danger or add a new one to those which she [the guest] assumed when she entered the car."

As appellant proceeded in a southerly direction, he approached a bend in the road described as a four-degree

curve. The requirements imposed upon the driver of the car with respect to speed and management and control, so far as his liability to the guest is concerned, were not complied with in certain particulars. The speed at which the appellant was driving at the time he lost control of his car was from forty-five to fifty-seven miles per hour, and possibly fifty-nine miles per hour. When the occasion arose for the appellant to proceed cautiously, he did not avail himself of the application of his brakes so as to reduce his speed during the distance he traveled on the dry pavement before turning to the right and moving onto the shoulder, taking the two right wheels off the pavement, resulting in one half of his car being over the concrete and the other half over the shoulder. He did not attempt to reduce his speed at any time other than by releasing the accelerator. The elements of speed and management and control became predominant and controlling factors after the appellant changed his course from continuing partially on the shoulder to one diagonally across the highway. The circumstances testified to by appellant are that the cause which induced him to seek safety at the extreme edge of his traffic lane had passed, the oncoming cars having continued on their side of the road on their way north. Nothing in the way of an obstruction ahead of him then existed. He could have continued to travel partially on the shoulder. However, the appellant asserts the existence of an emergency in which he lost control of his car. If the appearance of an oncoming car moving over the center line did make it advisable for him to move to his right, there was at the time no danger of a head-on collision, and this is especially true after the car had returned to its proper position in line and safely passed appellant's car. The evidence sustains the jury's finding as to negligence on the part of appellant in speed, and management and control of his automobile. It also appears that after all danger from oncoming cars had passed, he did, by his failure to exercise

ordinary care, increase the risk assumed by the plaintiff upon entering his automobile. The evidence accepted by the jury and relied on by the court warrants the conclusion that such occasion as at one time might have had the character of an emergency had passed. Thereafter, if there was an emergency, it is chargeable to appellant's conduct and eliminates from consideration any theory of emergency as a defense.

There is no occasion for extended treatment of the point that appellant was an experienced driver. There is ample evidence to sustain the jury's finding that he failed to exercise the skill and judgment which he possessed. He had driven for years all manner of motor vehicles. At the time of his turning back onto the pavement, he was then confronted only with the matter of regaining his normal lane of travel. At this point the evidence of speed and with relation to management and control becomes controlling. Appellant was not in danger but was in a position to proceed safely in the direction of his destination. It is because of his attempt to vary his course while proceeding at a high rate of speed that the accident resulted. By turning to the left at the time and in the manner in which he did, he started his car toward the southeast while its momentum was such that he was unable, on reaching the pavement, to bring the car around to its normal lane of travel. The speed under which his car was moving so interfered with his effort to stay on the concrete that it brought into play the centrifugal force which carried him toward the east and brought the result described by the witnesses.

As to the assumption of risk by respondent, it appears that there was no occasion alarming to her or for protest from her up to the time of the sudden turning toward the southeast after the danger from the other cars had passed. The respondent testified that the appellant appeared perfectly normal, that he was sober and in full control of his

faculties and appeared to have his car under control; that, as far as she noticed, his speed was reasonable, at least while moving on the concrete; and that as far as she was concerned he was operating his car in the proper manner. She further testified that just before appellant drove onto the shoulder she had her head bent over and was lighting a cigarette. She first became aware of the danger when she felt the car slide and heard some noise.

The jury, from the evidence, found that the speed was excessive, and that appellant was negligent in that particular and in the management and control of his car, thus increasing the risk of respondent over that which she assumed when she became a guest in his car.

*By the Court.*—Judgment affirmed.