SAXBY, by Guardian *ad litem,* and another, Plaintiffs, vs. CADIGEN and others, Defendants: FARMERS MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant: KLO-KOW and another, Respondents.

*March 3—April 6, 1954.*

For the appellant there were briefs by *Skinner & Thauer,* and oral argument by *Richard C. Thauer* and *Wallace Thauer,* all of Watertown.

For the respondents there was a brief by *Puhr, Peters & Holden* of Sheboygan, attorneys, and *Richard S. Hippenmeyer* of Waukesha of counsel, and oral argument by *Mr. Hippenmeyer.*

BROADFOOT, J.   Question 6 of the special verdict reads as follows: "Did the defendant Gilbert C. Klokow fail to exercise the skill and judgment he possessed in the management and control of his car?" The jury answered this question "No."

The appellant first complains of the following instruction given by the court in connection with that question:

"The mere fact that an accident happened creates no presumption of negligence of anybody. Therefore, the burden of proof to establish negligence, or any other essential fact in this case, rests upon the one who asserts or claims such fact to be true, and who asserts that such question should be answered in the affirmative. . . . The burden of proving that question 6 should be answered in the affirmative is upon the plaintiff and upon the defendant Genevieve E. Cadigen."

It is contended by the appellant that the only allegation that Klokow was or was not using all the skill and ability which he possessed in the operation of his automobile was in the answer of Klokow and his insurer, where it was alleged that he was. The appellant argues, therefore, that this was pleaded as an affirmative defense and it was Klokow's burden to prove his own allegation.

The duty of a host is to use ordinary care not to increase the danger to his guest inherent in the condition of the car or the skill or judgment of the host-driver. Such risks the guest assumes as a matter of law. *Haugen v. Wittkopf*, 242 Wis. 276, 7 N. W. (2d) 886; *Wheeler v. Rural Mut. Casualty Ins. Co.* 261 Wis. 528, 53 N. W. (2d) 190. Thus, in order for the plaintiff Marvin Saxby to recover from his host-driver it was necessary for him to show that his host failed to exercise the skill and judgment he possessed in the management and control of his car. The host-driver starts with the presumption that he is exercising the skill and judgment which he possesses in the management of his automobile, and this presumption must be overcome by his guest

before the guest can recover. The defendant Cadigen would be entitled to contribution only in case there was joint liability on the part of both drivers to the plaintiff. She is bound by the law as to the duty a host owes to his guest. If she could establish that Klokow failed to exercise the skill and judgment he possessed in the management and control of his automobile, then she would have a cause of action for contribution against him in case both she and Klokow were found to be responsible for the guest's injuries. The instruction given is the usual one in cases of this kind, and we can find no error therein.

The appellant next contends that there was no evidence to support the jury's negative answer to question 6. The appellant contends that the evidence shows Klokow was an experienced driver; that he had been driving an automobile for approximately six years, and during the year immediately preceding the accident he had driven back and forth to work almost daily, a round-trip distance of 28 miles in all kinds of weather and with all kinds of road conditions; and that because of his experience he possessed skill and judgment in the operation of an automobile. Since he was found negligent as to management and control, and since he did not avoid the collision, the appellant argues that it necessarily follows that his operation of the car did not measure up to his experience and that consequently he failed to exercise the skill and judgment he possessed. The appellant follows by contending that the jury's finding that Klokow was causally negligent with respect to his management and control of his automobile is inconsistent with its answer to question 6. It argues that an experienced driver using the skill and judgment he possessed as a result of his experience, would not have been negligent in the management and control of his car, especially to the extent of 40 per cent of the total negligence.  ·

There is no merit to the contention. It should be borne in mind that Klokow was nineteen years of age at the time of the accident. The jury could well find from the evidence that he used the skill and judgment he possessed but that he failed to meet the standard of ordinary care applied to all drivers.

The appellant next contends that the trial court erred in refusing to grant its motions to change the answers of the jury as to the speed at which Klokow was driving his car. In the collision the plaintiff Marvin Saxby was thrown forward with such force that his head broke the rear-view mirror and broke the windshield. The appellant argues that such damage could not follow unless Klokow was driving at an excessive rate of speed. This is based partially on the assumption that the Cadigen car was stopped at the time of the collision.

There might be force to the argument were it not for the icy condition of the street. Klokow's car collided not only with the Cadigen car but also with the Dodge parked on the west side of the street. There was a conflict in the testimony as to Klokow's speed and the issue thereon was clearly one for the jury to determine. The trial court refused to change the answer to the speed question, and its determination thereon must be affirmed.

That part of the judgment awarding costs to Klokow and his Insurance Company against the appellant was also appealed from. No mention is made thereof in the appellant's brief, nor did it argue the matter orally before this court. The question was raised before the trial court, and it was there determined that the court had discretion to award the costs under the provisions of sec. 271.035 (2), Stats. No abuse of discretion is now claimed by the appellant, and the action of the trial court thereon is affirmed.

Finally the appellant contends that it is entitled to a new trial. This is based upon the same arguments that were made as to the other contentions, and from a review of the record we are satisfied that it is not entitled to a new trial.

*By the Court.*—The parts of the judgment appealed from are affirmed.