THELEN, Respondent, vs. MACHOTKA and another, Appellants.

*October 5—November 9, 1954.*

For the appellants there were briefs by *Johns, Roraff, Pappas & Flaherty* of La Crosse, and oral argument by *Robert D. Johns.*

For the respondent there was a brief and oral argument by *D. V. W. Beckwith* of Madison, and *Lester D. Skundberg* of Westby.

FAIRCHILD, C. J.    The appealing defendants object to the form of the special verdict upon which the judgment against

them is based in the following particulars: As to speed, and with respect to management and control, "on the grounds that the sole question involved in this lawsuit is whether or not the drivers yielded one half of the traveled portion of the highway." It is appellants' contention that if Machotka yielded one half of the traveled portion of the highway, then there could be no responsibility on his part as to speed or management and control. There are, however, existing circumstances which did require the exercise of control of the truck by its driver. By custom, the "main-traveled portion of the highway," for some distance before entering either end and throughout the curve, was in the center of the road. A path or rut had been created. It was in the rut or path that the two drivers were approaching each other from opposite directions. Neither could or did see the other until they reached the positions in the curve about 100 to 150 feet from the point of meeting each other. The rate of speed, 35 to 40 miles per hour, at which each was traveling may not have been the cause from which the collision resulted. The only escapes were for one or the other to get out of the traveled portion of the roadway, and there was a duty owed by each to manage and control his vehicle sufficiently to permit a passing. Thelen was unable to get over far enough to his right to permit a safe passing. Machotka did succeed in yielding one half of the traveled portion of the highway, but he did not stop when it was apparent that Thelen was not able to get his rear wheels out of the rut or traveled way.

Speed might have been a substantially contributing factor if Machotka had applied his brakes and because of the speed he could not stop. The element of appreciation of the danger in any situation applies to conditions temporary as well as permanent. *Leonard v. Bottomley,* 210 Wis. 411, 245 N. W. 849; *Zigler v. Kinney,* 250 Wis. 338, 27 N. W. (2d) 433. Both travelers were found negligent by the jury. Thelen's failure to get his car farther to the right made him, in the

judgment of the jurors, the greater offender. The jurors' estimate was that of the total negligence the proportion attributable to Machotka was 22½ per cent, and that attributable to Thelen was 77½ per cent. Each traveler at the opposite end of the curve knew he was entering into an area of restricted visibility. Neither diminished his speed. While Thelen, in his effort to get out of Machotka's way, used such power as was available, Machotka did not control his truck. Machotka testified as follows with reference to his position at the time the cars were about to collide. He said: "I couldn't pull over more than a foot or two, two feet maybe. . . . There was a bank there." He also testified with relation to the control of his truck:

"Q. You put your brakes on? A. I think I did. It was slippery and you couldn't stop on the road.
"Q. You don't know whether or not you put your brakes on? A. I imagine I did.
"Q. You don't know? A. I wouldn't swear to it."

Both drivers, by reason of their familiarity with the peculiar traveling conditions, narrow roadway, and slippery conditions had full knowledge of what the circumstances were which would confront them as they proceeded toward each other. By reason of their failure in managment and control, they brought about the occurrence of a collision. The law required each to operate his vehicle, under the circumstances known to him, with proper "regard for the actual and potential hazards then existing," so that his speed was sufficiently controlled as might be necessary to "avoid colliding with any object, person, vehicle, or other conveyance on or entering the highway," in compliance with the legal requirements of sec. 85.40 (2), Stats. Each knew of the limited roadway, that it was in use, and he did not operate his car as required by law as he approached the other on a winding roadway with but a single track used by travelers going in either di-

rection. The evidence accepted by the jury as to control and management sustains the findings. The appellants call attention to the case of *Clark v. McCarthy*, 210 Wis. 631, 246 N. W. 326, which deals with a collision and in which the jury found the defendant negligent in respect to speed, failure to yield half of the traveled road, and management and control. The judgment entered in the trial court was reversed on appeal. It was there said that (p. 635) : "When two cars proceeding upon a highway in opposite directions collide, the speed of either or both vehicles can only contribute to the accident in connection with some circumstance. For example, if the speed of the vehicle contributes to. want of control or to its presence on the wrong side of the highway, it may be considered one of the causes of the collision." That might apply to the accident with which we are presently dealing. But in the *Clark Case, supra,* it was said: "It is difficult to see, however, how the mere speed of a vehicle can be a factor in such an accident, provided both cars maintain their proper place on the highway, and provided the highway itself is wide enough to permit them to pass each other without interference." That case is readily distinguishable from this case in several respects, because there there were two lanes of travel, and here there was a curve which prevented the two drivers from seeing each other until they were a short distance apart, with a single rutted highway to be used by both. Where the operators of the respective vehicles proceed under conditions where it is impossible to see objects until but a few feet distant, at such a speed that the driver cannot bring his vehicle to a standstill within the distance he can see ahead of him, the operator is not exercising ordinary care.

We find no prejudicial error.

*By the Court.*—Judgment affirmed.