HEAGNEY, Respondent, vs. SELLEN and another, Appellants.
LOBRAICO and another, Respondents, vs. SELLEN and others,
Appellants.*

*January 11—February 7, 1956.*

* Motion for rehearing denied, without costs, on April 3, 1956.

For the appellants Clifford Sellen and the Travelers Indemnity Company there was a brief and oral argument by *Emmet McCarthy* of Marinette.

For Shirley M. Heagney as appellant there were briefs by *Everson, Ryan, Whitney & O'Melia* of Green Bay, and oral argument by *John C. Whitney.*

For the respondents Lobraico there was a brief by *Cavanagh, Mittelstaed, Sheldon, Heide & Hartley* of Kenosha, and oral argument by *William A. Sheldon.*

For Shirley M. Heagney as respondent there was a brief by *Lepp & Phillips* of Kenosha, and oral argument by *David L. Phillips.*

FAIRCHILD, C. J.   The accident occurred at 9:15 a. m. on April 13, 1952, on U. S. Highway 41, approximately a mile north of the village of Sobieski in Oconto county. Mrs. Heagney was traveling north on the highway and was the host-driver, with Virginia Lobraico as her passenger-guest. Sellen was driving a milk truck south on the highway. The truck and automobile collided under circumstances to be described. The traveled portion of the highway was concrete, 20 feet wide, with a dividing line indicating the northbound and southbound traffic lanes. Each traffic lane was ten feet in width. On the west side of the road there was a shoulder having a minimum width of three and one-half feet. At the time of the accident, eight telephone poles, which had blown down, lay on the ground with their ends protruding into the east lane for a distance of about 3–5 feet. The poles were about 160 feet apart, making the east 3–5 feet of the highway impassable for a length of 1,120 feet. The surface of the roadway was covered by slush and snow. Mrs. Heagney observed the telephone poles which obstructed the east edge of her lane of traffic, noticed no vehicle in sight coming from the north, reduced speed to approximately 20 miles per hour, and proceeded on her way. Clifford Sellen was driving his truck south in his own lane of traffic on the west side of the highway. The point of collision between Mrs. Heagney's car and the Sellen truck was estimated to be from

one half to two thirds of the way, measuring from the most southerly pole, through the area in which the poles lay protruding into the highway. The right wheels of Sellen's truck were off the concrete at the time of the impact, with the left rear wheel of the Heagney car one foot west of the center line, and her car facing in a westerly direction. The evidence indicates clearly that the point of impact was at least seven feet from the west edge of the roadway. The left front of the Heagney car came in contact with the left front of Sellen's truck.

As to the two drivers, the jury, in its special verdict, found that Clifford Sellen was causally negligent as to speed, lookout, and management and control; it found that Shirley M. Heagney was causally negligent as to management and control, and apportioned the negligence.

As to the action begun by Virginia Lobraico and Frank D. Lobraico, the jury found that Mrs. Lobraico did not assume the risk of being injured because of the negligence of Shirley Heagney.

Clifford Sellen and his insurance carrier base their appeal from the judgment against them and in favor of Mrs. Heagney on the contention that the evidence does not support a finding that Sellen was guilty of causal negligence as to speed, as to lookout, or as to management and control. But the situation confronting the drivers as they approached each other was a narrow highway caused by the poles having fallen and occupied a portion of the east traveled lane. Sellen was driving a heavily loaded truck. He could see the obstructions in the east lane of traffic. He knew it was snowing, freezing, raining, and windy. He failed to see Mrs. Heagney as she approached until he noticed her car about 200–300 feet south of the most southerly pole. He did nothing with respect to adjusting the operation of his truck, but continued to watch the car coming from the south. He testified that:

"The back end of the car did sway from one side, like the east side, then go to the west side, then back to the east, then back to the west. . . . As this car turned from right to left onto the west side and back to the east, etc., I continued to watch it. I was stopping—trying to stop my truck. Ultimately my truck and this car came into collision."

There is dispute as to the exact location of Sellen's truck, but the difference in feet or inches is of no great consequence in determining the matter before us. The speed was not materially lessened. Noticing the difficulty that Mrs. Heagney was having required him to exercise ordinary care in the management and control of his truck. If the space was insufficient for safe passing while one car was moving at a high rate of speed, the operator of that car was not giving due consideration to existing conditions as required by the rules of the road. The law required each driver to operate his vehicle under the circumstances known to him with proper regard for the actual and potential hazards then existing, so that he could sufficiently meet the situation and "avoid colliding with any object, person, vehicle, or other conveyance on or entering the highway." This is a requirement of sec. 85.40 (2), Stats. Both Sellen and Mrs. Heagney knew of the limited roadway they were using, the slippery conditions then obtaining; and neither operated his vehicle as required by law as he approached the other.

Appellants cite the case of *Clark v. McCarthy,* 210 Wis. 631, 246 N. W. 326, as authority that speed cannot constitute causal negligence when two vehicles moving in opposite directions collide, but careful reading of the opinion in that case will disclose that it does not lay down so broad and all-inclusive a rule. Excessive speed certainly is causal when it prevents or retards the operator, after seeing danger, from slowing down or stopping in time to avoid a collision. *Thelen v. Machotka,* 268 Wis. 1, 66 N. W. (2d) 684.

The evidence accepted by the jury as to negligence with relation to the failure to exercise ordinary care by the respective drivers sustains the findings. Each driver was guilty of negligence, and the comparison of the negligence under the evidence submitted is so clearly a jury question that we cannot interfere with it.

With respect to the contention that error resulted because the trial court failed to include in the special verdict a question as to Mrs. Heagney's invasion of the west lane of the highway, we note that the trial court, in instructing the jury as to the questions in the verdict inquiring as to whether she was negligent as to control and management, covered the issue of invasion of the west lane of the highway, and he read to the jury the applicable portions of sec. 85.15 (1), Stats. We find no prejudicial error in the method followed in handling that particular issue.

The point raised by the appellant Heagney with reference to the host's duty to the guest is ruled by *Saxby v. Cadigen,* 266 Wis. 391, 63 N. W. (2d) 820, where it was held that a guest, in order to recover from a host-driver, has the burden of showing that the host failed to exercise the skill and judgment he possessed in the management and control of his car at the time of the accident. However, in the absence of any evidence in the record that the host is not an ordinarily prudent driver, the guest meets this burden of proof when the guest proves that the host failed to exercise ordinary care in the management and control of his vehicle. This establishes *prima facie* that the host failed to exercise the skill and judgment which he possessed in the management and control of his car at the time of the accident. From this point, the burden of going forward with the evidence (not the burden of proof) shifts to the host to adduce evidence that his skill and judgment in the management and control of his vehicle differed from that of the ordinarily prudent driver. In the instant case no such evidence was adduced so

there was no necessity for the trial court to submit any question in the special verdict inquiring as to whether the host, Mrs. Heagney, failed to exercise the skill and judgment she possessed in the management and control of her automobile at the time of the accident.

We have examined the instructions and rulings by the court and are of the opinion that the case was fully and fairly tried, no prejudicial errors existing. The judgment in favor of Shirley M. Heagney against Clifford Sellen and his insurance carrier, Travelers Indemnity Company, and the judgment in favor of Virginia and Frank D. Lobraico against Shirley Heagney, Clifford Sellen and his insurance carrier, Travelers Indemnity Company, are affirmed.

*By the Court.*—Judgments affirmed.

The following memorandum was filed April 3, 1956:

FAIRCHILD, C. J. (*on motion for rehearing*). Counsel for Mrs. Heagney, in the action in which she was defendant and Mr. and Mrs. Lobraico were plaintiffs, have moved for a rehearing as to the point covered by headnote 5 of our original opinion. In the brief filed in support of such motion it is pointed out that our holding on the point in question is inconsistent with our prior decision in *Culver v. Webb* (1944), 244 Wis. 478, 12 N. W. (2d) 731. In the latter host-guest case we directed a new trial because the trial court had failed to submit a question inquiring as to the failure of the host to exercise the skill and judgment he possessed even though there was no evidence that the host did not possess the skill and judgment of the ordinarily prudent driver. It is impossible to reconcile such result with that reached by us in the instant case. Because we deem our holding on this point in the present case is logically sound and in the interest of justice, we, therefore, expressly overrule *Culver v. Webb, supra,* in so far as is conflicts with our original opinion herein.

*By the Court.*—The motion for rehearing is denied without costs.