TOPEL, Administratrix, Respondent, vs. CORREZ and another, Appellants.

*March 3—April 8, 1958.*

For the appellants the cause was submitted on the brief of *Cavanagh, Mittelstaed, Sheldon, Heide & Hartley* of Kenosha.

For the respondent there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Leo E. Vaudreuil.*

BROADFOOT, J. On March 21, 1953, the defendant Correz and two other young men, all residents of Kenosha, attended a dance in that city. After the dance they decided to go to a tavern across the state line in Illinois, as the taverns in Wisconsin were closed. They arrived at the tavern at about 2 a. m. There were about 30 people in the tavern, one of whom was Simon W. Topel. Correz was acquainted with him and introduced him to his two companions. Topel was drinking at the bar. Correz sat with him for a time and then joined his companions. Topel had an argument with another patron about a motorcycle and they went outside the tavern. Correz and several other patrons followed them outside. Topel thought he had lost his keys and was afraid someone would take his car. Correz therefore removed the rotor from the distributor. When they returned to the tavern Correz found the car keys in Topel's coat, which was hanging on a coatrack.

Correz and his companions left the tavern at about 3:30 a. m. to return to Kenosha. Correz was behind the wheel of his father's automobile ready to drive away when Topel came out and requested someone drive him to Kenosha, where he lived. Correz got out of his car and one of his

companions drove it to Kenosha. Correz replaced the rotor in the distributor and started driving Topel to Kenosha. Correz testified that in going around an "S" curve he took his eyes off the road to look at his speedometer. When he did so the car left the road, struck a tree, and Topel was killed.

In our decision upon the first appeal in this case we said (273 Wis. 611, 613, 79 N. W. (2d) 253):

"The issues on this appeal are, first: Was Correz causally negligent in the operation of his automobile? The answer to that must be 'Yes' as a matter of law. Second: Did Topel assume the risk of this negligence? If he knew or *ought to have known* that by reason of intoxication Correz was unfit to drive, Topel assumed the risk of the results of that intoxication and cannot avoid the assumption by his inability to appreciate Correz's condition (and the consequent risk) because of his own drunkenness. *Schubring v. Weggen* (1940), 234 Wis. 517, 521, 291 N. W. 788; *Watland v. Farmers Mut. Automobile Ins. Co.* (1952), 261 Wis. 477, 53 N. W. (2d) 193."

The defendants contend that the above statement did not become the law of the case because the testimony upon the second trial was different. The pleadings were not amended, and no other issues were raised than those in the first trial. The testimony on the material issues was practically the same in each case. Correz testified that he was under the influence of intoxicants. This was corroborated by the testimony of police officers. That testimony was undisputed. Upon the first trial the clerk of the municipal court of Kenosha county established that on the 25th of March, 1953, Correz pleaded guilty to driving an automobile while under the influence of intoxicating liquor. Upon the second trial the court excluded the testimony of the clerk of court and certain other evidence tending to establish that Correz was intoxicated when he got into Topel's car to drive to

Kenosha. There is no error in that respect. Testimony to establish an admitted fact was unnecessary and at best it would have been cumulative.

Throughout the second trial it was the theory of the defendants that if Correz was intoxicated at the time he started driving the Topel automobile, then Topel would be negligent as a matter of law in riding with him, whether Topel knew or ought to have known that Correz was under the influence of intoxicants. In the defendants' request for questions to be included in the special verdict, question 1 inquired as to whether Correz operated the motor vehicle while under the influence of intoxicating liquor. They relied upon what was said in the case of *Erickson v. Pugh,* 268 Wis. 53, 66 N. W. (2d) 691. We have often said that decisions in prior automobile cases do not establish precedents but only state principles of law. Perhaps we should be more careful to emphasize that what is said in a decision refers to the particular facts in a case.

In the *Erickson Case, supra,* the plaintiff and the defendant were together for several hours during which time they consumed a quantity of intoxicating liquor. In commenting upon that language in *Frey v. Dick,* 273 Wis. 1, 9, 76 N. W. (2d) 716, 77 N. W. (2d) 609, we said:

"In fairness to the trial court it should be mentioned that he modeled the verdict in the instant case after that recommended by this court in *Erickson v. Pugh* (1954), 268 Wis. 53, 66 N. W. (2d) 691. The evidence of drinking on the part of both the host and the guest in that case was so strong that we thought there would be every likelihood of the jury answering in the affirmative the recommended first question, which inquired as to whether the host operated her vehicle while intoxicated, thus obviating the necessity of the jury answering any other questions in the verdict. Further experience gained in appeals in which the trial court employed the form of verdict recommended in the *Erickson Case* has caused us to doubt the wisdom of trying to employ such a

short cut in disposing of the intoxication issue in host-guest cases."

In view of the fact that the records in the two trials are substantially the same as to material issues what we said in the first case controlled and the verdict was properly submitted to the jury in the second trial.

Relying on some of the language in the case of *Saxby v. Cadigen*, 266 Wis. 391, 63 N. W. (2d) 820, the defendants contend that Correz only owed to Topel the duty to exercise the skill and judgment that he possessed and that, unless the plaintiff established that Correz failed to exercise the skill and judgment he possessed in the operation of the automobile, Topel assumed the risk. It should be noted that in the *Saxby Case* this particular issue of assumption of risk was raised by the pleadings and testimony thereon was offered upon the trial. No such issue of assumption of risk was raised in this case. The only issue as to assumption of risk raised by the answer was that Topel assumed the risk as to the speed with which the automobile was operated. The testimony in this case did not show that Correz was operating the car at an excessive rate of speed. The positive language of the *Saxby Case* was modified and explained in the case of *Heagney v. Sellen*, 272 Wis. 107, 74 N. W. (2d) 745, 75 N. W. (2d) 801, wherein it was held that, in the absence of any evidence that the host is not an ordinarily prudent driver, the guest meets the burden of proof when there is evidence that the host failed to exercise ordinary care in the management and control of his vehicle.

Upon this appeal the defendant Insurance Company attempts to raise a policy defense. It now contends that the plaintiff failed to sustain the burden of proof as to whether or not the named insured consented that Correz drive the car. The policy was a garage liability policy with three named insureds. The first was the Topel Nash Sales Company, the

second was Earl C. Topel Building Company, and the third was Earl C. Topel, an individual. The first two named were corporations. The decedent worked as a salesman for the Topel Nash Sales Company. Whether or not he was an officer of the company does not appear in the record. The complaint alleged "that the said John Correz was operating said motor vehicle with the consent of the owner and the assured." At the beginning of the first trial the defendants moved to amend their answer to deny certain allegations in the complaint and one of the amendments was the following: "Deny that the individual defendant was operating a motor vehicle of the owner with the consent of decedent, Simon W. Topel." At both trials the record establishes that Correz drove the car with the consent of the decedent. The plaintiff contends that this question is not before the court as it was not raised before the trial court during either trial. The plaintiff undoubtedly is correct, but in any event a *prima facie* case was made out under the principles stated in *Enea v. Pfister,* 180 Wis. 329, 192 N. W. 1018; *Laurent v. Plain,* 229 Wis. 75, 281 N. W. 660; *Hansberry v. Dunn,* 230 Wis. 626, 284 N. W. 556; and *Sevey v. Jones,* 235 Wis. 109, 292 N. W. 436. Proof of the ownership of the car established a presumption that Correz was driving the same as the agent of the owner. No evidence was offered on the part of the defendant Insurance Company to rebut that presumption.

After careful consideration of all the allegations of error on the part of the defendants we conclude that the case was fairly tried, properly submitted, and that none of the contentions of the defendants have merit.

*By the Court.*—Judgment affirmed.