DIEDRICH, Respondent, v. LUKASAVITZ and another, Appellants.

*February 3—March 3, 1959.*

For the appellants there were briefs by *Cape & Schellinger* and *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Charles W. Cape* and *Edmund W. Powell* of counsel, all of Milwaukee, and oral argument by *Mr. Cape* and *Mr. Powell.*

For the respondent there was a brief and oral argument by *Jack J. Gimbel,* attorney, and *Seymour Gimbel* of counsel, both of Milwaukee.

DIETERICH, J.   The accident occurred at 7:40 a. m. on January 1, 1957, at North One Hundred Twenty-Sixth street and West Bluemound road, county of Milwaukee.

The defendant, Francis Lukasavitz, went to Bachun's tavern between 9 and 10 a. m. on December 31, 1956. He left Bachun's around 2:30 in the afternoon and in that length of time had about 20 glasses of beer. After leaving Bachun's he drove his automobile to Obluck's tavern, which is three blocks away, and spent about an hour at Obluck's. During that time he consumed several glasses of beer. About 4 p. m. defendant drove his automobile from Obluck's to his home, a distance of about four miles. Lukasavitz testified that he stopped at 10 or 12 arterial signs en route to his home. Upon arriving home, defendant had something to eat and then went to bed and slept. About 9:30 p. m. defendant got up, had a sandwich and a couple of glasses of milk. He sat around home for a while. He had a headache and upset stomach. The defendant left his home around 10:30 p. m., and drove to Obluck's tavern where he stayed about an hour and a half. During that time defendant consumed one or two whiskeys and water, but drank only a part, because he did not feel well. About 12:30 a. m. he went for a walk and stopped at Bachun's about 1:30 a. m.

Carole Diedrich, the plaintiff, entered Bachun's with two girls about 3 a. m., giving a welcoming ovation of "Happy New Year." The plaintiff had a few drinks during the course of New Year's Eve. Defendant and plaintiff were acquainted with each other, and about 4:30 a. m. defendant talked and danced with plaintiff and asked to take her home. About 6 a. m. plaintiff and defendant left Bachun's and

walked to Obluck's, a distance of two or three blocks. Neither of them had difficulty in walking, although the defendant stated he had his arm about Carole, which she denied. They had a few drinks at Obluck's and entered the defendant's automobile which had been parked in front of Obluck's, about 7 a. m. He drove through the city and the main thoroughfares leading to Wisconsin avenue, and made at least 10 or 12 stops at various traffic arterials. At North One Hundred Twenty-Sixth and West Bluemound road the testimony discloses that the driver fell asleep and hit a tree, and that during the drive the guest passenger had dozed. Her statement is that just before the car collided with the tree, she screamed. The driver testified that it was impossible for him to avoid hitting the tree.

James Wickles, a police officer employed by the village of Elm Grove, investigated the accident. He testified that he did not see anything out of the ordinary at the scene and that in his opinion the driver and passenger were sober.

One of the witnesses, Armando Castro, stated that he had about 20 drinks of brandy and soda at Bachun's tavern during the New Year's Eve celebration. His wife, Lillian Castro, had eight or 10 drinks while at Bachun's. Armando Castro testified that Lukasavitz appeared a little unusual, that he had quite a bit to drink, and that he was drunk. Castro stated that he was not drunk at 6 a. m., and that he was capable of driving an automobile. Castro was asked whether Lukasavitz supported Carole when they left the tavern, and he answered, "It's kind of hazy," and he didn't pay much attention. Lillian Castro testified that her husband was not drunk. She did not see how many drinks Lukasavitz consumed and could not give any estimate. The testimony of all the patrons at Bachun's was very conflicting and of an unreliable source. The definitions given

by the witnesses in respect to defining "intoxication" and "drunk" were not too enlightening.

The jury returned a special verdict setting up specific amounts to the plaintiff for damages. Pertinent parts of the special verdict involved in this appeal are:

"Question No. 1: Just prior to the collision was Lukasavitz negligent with respect to management and control?
"Answered by the court: Yes.
"Question No. 2: Was such negligence on the part of Lukasavitz a cause of the collision?
"Answered by the court: Yes.
"Question No. 3: At the time plaintiff entered the car was Lukasavitz under the influence of intoxicating beverage?
"Answer: Yes.
"Question No. 4: If you answer question No. 3 'Yes,' then answer this question: At the time plaintiff entered the car did she know, or in the exercise of ordinary care should she have known, that Lukasavitz was under the influence of intoxicating beverage?
"Answer: No."

In considering the following cases: *Topel v. Correz* (1956), 273 Wis. 611, 79 N. W. (2d) 253; *Topel v. Correz* (1958), 3 Wis. (2d) 495, 89 N. W. (2d) 295; *Olson v. Milwaukee Automobile Ins. Co.* (1954), 266 Wis. 106, 62 N. W. (2d) 549, 63 N. W. (2d) 740; *Erickson v. Pugh* (1954), 268 Wis. 53, 66 N. W. (2d) 691, and *Frey v. Dick* (1956), 273 Wis. 1, 76 N. W. (2d) 716, 77 N. W. (2d) 609, and applying them to the facts in this case, we have concluded in the interest of justice to exercise our discretion under sec. 251.09, Stats., and order a new trial.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.

MARTIN, C. J. (*dissenting*). I am forced to dissent in this matter. As the majority states, there is ample evidence

in the record to sustain the finding of the jury that the defendant was operating his automobile while under the influence of intoxicating liquor. The majority decision sets out only part of the testimony which sustains that finding.

Plaintiff and defendant were in the same party at Bachun's from 2 or 2:30 a. m. to 5:30 or 6, during most of which time both were drinking at the bar and they danced together. From 5:30 or 6 until 7 they drank together alone at Obluck's. At 7 they left Obluck's in defendant's car on the ride that culminated in the accident.

In my opinion the case is governed by *Erickson v. Pugh* (1954), 268 Wis. 53, 66 N. W. (2d) 691. A reasonable person in command of her mental faculties cannot associate with a person as intoxicated as the defendant without knowing he is intoxicated, and the jury should have so found.

I am authorized to say that Mr. Justice BROWN and Mr. Justice HALLOWS join in this dissent.