WEISENSEL, Respondent, v. COVEY and another, Appellants.*

*May 4—June 2, 1959.*

* Motion for rehearing denied, without costs, on October 6, 1959.

For the appellants there was a brief by *Brazeau & Brazeau* of Wisconsin Rapids, and oral argument by *Richard S. Brazeau.*

For the respondent there was a brief by *Wilkie, Anderson & Bylsma* of Madison, and *Donald L. Hollman* of Friendship, and oral argument by *Horace W. Wilkie*.

BROADFOOT, J. It is the first contention of the defendants upon this appeal that there was no credible evidence to support the finding of the jury that Covey was causally negligent with respect to the management and control of his automobile at and just prior to the time of the collision. In fact, they argue that there was no evidence whatsoever to support the jury's answers in that regard.

The plaintiff was accompanied by his son and Covey was accompanied by his brother. Neither the plaintiff nor his son saw the Covey automobile until the collision was imminent. Therefore the jury had to reach its conclusions as to the conduct of Covey from his testimony and that of his brother.

At an adverse examination Covey had testified that when he was about 300 feet west of the intersection he saw the Weisensel car approximately 500 feet north of the intersection; that he was going about 50 miles per hour and that Weisensel was going 50 to 60; that Weisensel began to slow down but he was very uncertain about when that took place; that Weisensel was 200 to 250 feet north of the point of collision when he began to slow down. Upon the trial Covey testified that he was a little more than 300 feet west of the intersection when he first saw the plaintiff at an equal distance north of the intersection; that plaintiff started to slow down when he was perhaps 80 feet north of the intersection. Covey's recollection of his own actions was also vague. He testified that he took his foot off the accelerator because he thought the plaintiff was coming fast, but when he noted that the other car was slowing down he then speeded up again. He further testified that the plaintiff

stopped just north of the intersection and then started up again. He testified that at that time he was about 50 yards west of the intersection; that in spite of that he waited until he entered the intersection before he applied his brakes or tried to swerve his car to the right; that he was only about a car length or a little more from plaintiff's car when he applied his brakes; that he was going 40 or 45 miles per hour at the time but he could not estimate how far he had turned to the right before the collision. He further testified that he thought County Trunk C was an arterial highway and that plaintiff would stop. His brother did not think that Covey slowed down at all prior to reaching the intersection.

From Covey's own testimony the jury was entitled to find that he was causally negligent with respect to the management and control of his automobile in that he did not reduce his speed or turn to the right sooner than he did.

The defendants next contend that the plaintiff was causally negligent as a matter of law in failing to yield the right of way to Covey. They cite sec. 85.18, Stats. 1955, which provides that when two vehicles approach or enter an intersection at approximately the same time the driver on the left shall yield the right of way to the driver on the right. They further contend that Covey had a right to assume that the plaintiff would yield the right of way.

The trial court felt this was a question for the jury. It is apparent that if both cars proceeded on the same course and at the same speed there was danger of a collision. Therefore the plaintiff had a duty to yield the right of way, unless the defendant forfeited the right of way because of excessive speed. *Vogel v. Vetting,* 265 Wis. 19, 60 N. W. (2d) 399. Sec. 85.40 (2) (b), Stats. 1955, provides that an automobile driver shall operate at an appropriate reduced speed when approaching and crossing an intersection. We find

little, if any, evidence in the record that the defendant did reduce his speed as he approached the intersection. This feature of the case did not seem to receive proper attention during the trial. Under the circumstances we feel there should be a new trial and that the apportionment of the negligence of the respective drivers is a matter for a jury determination.

*By the Court.*—Judgment reversed. Cause remanded for a new trial on all issues except damages.

MARTIN, C. J., took no part.