Baier and another, Appellants, v. Farmers Mutual Auto-
mobile Insurance Company and others, Respondents.*

*November 3—December 1, 1959.*

\* Motion for rehearing denied, without costs, on February 2, 1960.

508

For the appellants there were briefs by *Marth & Marth* of West Bend, and oral argument by *William J. Marth.*

For the respondents there was a brief by *Wickham, Borgelt, Skogstad & Powell* of Milwaukee, for the Farmers Mutual Automobile Insurance Company, and by *Jack D. Moertl* of Milwaukee, for respondents other than the Farmers Mutual Automobile Insurance Company, and *Edmund W. Powell* of Milwaukee of counsel, and oral argument by *Edmund W. Powell.*

FAIRCHILD, J. We conclude, for the reasons which follow, that the verdict was inconsistent with respect to issues of liability but that the causal negligence of Mrs. Baier is not, as a matter of law, as great as that of Mr. Laatsch, and, therefore, that the order granting a new trial and denying a dismissal of the complaint was correct. We also express our conclusions upon several other points argued by the parties because the same points may well arise upon the second trial.

■ *Right of way.* It appears that both drivers maintained constant speeds for some distance before the collision. At any time shortly before they reached the intersection, it must have been apparent that there would be an imminent hazard of collision if both continued the same course at the same speed. That being true, and if Laatsch was not negligent as to speed, Mrs. Baier was obliged to yield the right of way. Sec. 85.18 (1), Stats. 1955; *Vogel v. Vetting* (1953), 265 Wis. 19, 26, 60 N. W. (2d) 399; *Home F. & M. Ins. Co. v.*

*Farmers M. A. Ins. Co.* (1956), 274 Wis. 210, 79 N. W. (2d) 834; *Weisensel v. Covey* (1959), 7 Wis. (2d) 363, 366, 96 N. W. (2d) 857. Thus the jury's finding that Mrs. Baier was not negligent as to yielding right of way was inconsistent with the finding that Laatsch was not negligent as to speed.

■ *Comparison.* Defendants contend that the negligence of Mrs. Baier was, as a matter of law, equal to, or greater than the negligence of Mr. Laatsch. Defendants, in so arguing, evidently assume that the inconsistency in the verdict must be resolved by finding Mrs. Baier negligent with respect to yielding the right of way, rather than by finding Mr. Laatsch negligent with respect to speed. Even upon that assumption, however, we conclude that the comparison of negligence is for the jury. There was evidence from which it would be reasonable to find that it was difficult for a westbound driver to distinguish the Laatsch car as it moved southward, it being of light color and being observed across one field where both snow and ground were visible, and against the background of another field where there was snow. It is true that in finding Mrs. Baier negligent as to lookout, the jury did not find that the camouflaging effect of the snow and light color of the car was a sufficient explanation of her failure to see. Nevertheless, it may properly have been an element in the comparison of the causal negligence.

In making the comparison, the jury could also properly consider that Laatsch's negligence as to lookout was more than momentary inattention. In failing to clean the frost from his windshield and window, he may have deprived himself of a reasonable opportunity to see to the side.

■ *Frost on windows.* The plaintiff argues that the trial court erred in denying plaintiff's motion to include in the special verdict a question concerning Mr. Laatsch's negli-

gence as to the condition of his windshield and windows at the time of the collision. Plaintiff relies upon sec. 85.35 (3), Stats. 1955, which provided that "the windshield, side wings, and windows of all motor vehicles shall be kept reasonably clean at all times." The circuit court declined to ask a separate question with respect to Mr. Laatsch's failure to clean the frost from his windshield and windows, but did state to the jury the substance of the statute just quoted and instruct that the jury might consider it with respect to the question of lookout. We conclude that this was a proper submission of the issue as to the cleanliness of the windshield and windows. See *Heagney v. Sellen* (1956), 272 Wis. 107, 113, 74 N. W. (2d) 745, 75 N. W. (2d) 801.

■ Plaintiff contends that the trial court should have found defendant Laatsch negligent, as a matter of law, with respect to lookout and speed. While the plaintiff was not prejudiced by the court's failure to find Laatsch negligent as to lookout, the jury having so found, we agree with the plaintiff that upon this record, no other finding could be made. Defendants have made no claim that Mr. Baier's car, which was dark green, was obscured by camouflage. As to the speed of the Laatsch vehicle, assuming that there was enough evidence to make excessive speed a jury question, it was by no means sufficient to compel a finding of excessive speed as a matter of law.

■ Plaintiff argues that if a new trial is proper, it should be granted upon all issues. We see no reason, however, for holding that the trial court abused its discretion in limiting the trial as to Mrs. Baier's cause of action to issues other than damages. Plaintiff has not argued here that the award was inadequate, or that there was any error material to the determination of her damages. We have said that the matter of limiting issues upon a new trial is primarily for the discretion of the trial court. *Korpela v. Redlin* (1958), 3 Wis.

(2d) 591, 597, 89 N. W. (2d) 305. No claim has been made here that the circuit court erred in ordering a new trial as to Mr. Baier's cause of action. The inconsistency of the verdict with respect to the issues of liability would be an additional reason supporting a new trial in his cause of action, as well as that of Mrs. Baier.

*By the Court.*—Order affirmed.