BAIER and another, Appellants, v. FARMERS MUTUAL INSURANCE COMPANY and others, Respondents.

*November 2—November 28, 1961.*

For the appellants there was a brief by *Marth & Marth* of West Bend, and oral argument by *William. J. Marth.*

For the respondents there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Edmund W. Powell* of counsel, all of Milwaukee, and oral argument by *Edmund W. Powell.*

BROWN, J.   The action has been before us on appeal and our decision was reported in *Baier v. Farmers Mut. Automobile Ins. Co.* (1959), 8 Wis. (2d) 506, 99 N. W. (2d) 709.   The litigation arose out of a collision at a highway intersection between the automobiles of plaintiff Mrs. Baier and defendant Laatsch.   Laatsch, proceeding south, struck the car driven by Mrs. Baier who was proceeding west. Further details of the accident may be found in the report of the *Baier Case, supra.*   By special verdict the jury found that Laatsch was not causally negligent as to speed but was causally negligent as to lookout.   Mrs. Baier was found to be causally negligent as to lookout but not as to speed or in failure to yield the right of way.   The comparison of causal negligence was 30 per cent to Mrs. Baier and 70 per cent to Laatsch.   In Mr. Baier's action the same 10 jurors did not agree on their answers to material questions.   The court granted a new trial in Mr. Baier's case on all issues.   A new trial was granted in Mrs. Baier's case on the issues other than damages.

The new trials were held and in these there was no substantial variation from the first trial in the evidence concerning the collision.   By a special verdict, Laatsch was

found guilty of causal negligence in respect to lookout. Mrs. Baier was found guilty of causal negligence in respect to lookout but free from causal negligence in failing to yield the right of way. The comparison of causal negligence has again found 30 per cent to Mrs. Baier and 70 per cent to Mr. Laatsch.

In the opinion in the first appeal in 8 Wis. (2d), at page 509, we held that the jury's finding that Mrs. Baier was not negligent as to yielding the right of way was inconsistent with the finding that Laatsch was not negligent as to speed. In the case at bar, the evidence pertaining to Laatsch's speed was the same as in the first trial. The trial court discovered no evidence which would sustain a finding that Laatsch was negligent as to speed and therefore did not submit a question concerning it. Therefore, the learned trial court said in his written decision, ". . . it is obvious that after having determined that the driver Laatsch was not negligent as to speed, the court should have found that the driver Baier was negligent with respect to failure to yield the right of way as a matter of law." Our own examination of the transcript of testimony confirms the trial court's conclusion. Changing the verdict's answer so as to declare Mrs. Baier's failure to yield could, of course, affect the jury's comparison of the causal negligence of the respective drivers, and this in itself requires a new trial on the cause of action of Mrs. Baier on issues other than her damages. They were not involved in the second trial.

We find it unnecessary to consider other reasons for affirming the order of the trial court which set aside that part of the verdict in the cause of action of Mrs. Baier pertaining to the question of her liability and which granted a new trial on her cause of action, such trial being limited to the issue of her liability.

In its written decision, the court held that the jury's award of $10,000 to Mr. Baier for loss of his wife's society

and companionship was high but not perverse and the award to him for future medical expenses was not based on sufficiently definite medical testimony to substantiate the award and was partly based on speculation. For these reasons and in the interests of justice, the court granted a new trial on all issues of Mr. Baier's cause of action.

Our examination of the record substantiates the reasons given by the trial court for its order sufficiently to bring the result within that court's discretion, and we consider that we should not disturb it.

Finally, appellants charge defendant's counsel with improprieties in communicating with the trial court reminding the court that time for decision on motions after verdict would expire within ten days, but that an extension could be granted upon notice and hearing. We find no impropriety in these circumstances.

Although we have not imposed a penalty, we note with disapproval that appellants' brief omits "a synopsis or brief resumé of the argument" required by Supreme Court Rule 6 (1), sec. 251.26, Stats. Rule 6 (5) requires that the appendix contain the order, or part thereof, sought to be reviewed as may be material in the consideration of the questions stated. This, too, has been omitted by the appellants.

*By the Court.*—Order affirmed.

BROADFOOT, J. (*concurring*). From the record it is apparent that there must be a new trial as indicated in the opinion. One of the reasons for making the new trial necessary is that the trial court did not submit questions relating to the speed of either driver. I am not certain from the record that attention was paid to the provisions of sec. 85.40 (2) (b), Stats. 1955. Upon the new trial the evi-

dence may be such that jury issues will be presented with reference to the speed of each driver and this might affect the question of the causal negligence of Mrs. Baier in failing to yield the right of way.