CHARLIE ALBERT LAIL, MINOR, BY HIS NEXT FRIEND, RUSSELL LAIL v.
ULYSSES CHAPMAN, MINOR OVER 14 AND W. A. ROBINSON.
AND
BYNUM LAIL v. ULYSSES CHAPMAN AND W. A. ROBINSON.

(Filed 17 October 1962.)

**Automobiles § 41c—**

Where the evidence discloses that defendant was driving a car in which plaintiff was riding as a passenger, that defendant was forced off the road by a car approaching from the opposite direction, half way over the center line of the highway to that driver's left, that defendant lost control of his vehicle and ran off the road, resulting in the injury in suit, the fact that defendant, in the sudden emergency created by the negligence of the other driver, glanced back and inquired as to the

identity of the other driver, *is held* insufficient to establish actionable negligence.

APPEAL by plaintiffs from *Froneberger, J.,* March, 1962 Term, BURKE Superior Court.

In these civil actions, consolidated for trial, Charlie Albert Lail, minor, b.n.f., seeks to recover for his personal injuries, and Bynum Lail, father, seeks to recover medical expenses and loss of services allegedly caused by the negligent operation of a 1951 Ford automobile, owned by the defendant W. A. Robinson, and driven by the defendant Ulysses Chapman. Charlie A. Lail was a guest passenger at the time of the wreck which occurred about one o'clock on the afternoon of October 3, 1959. The weather was clear. The concrete highway, 18 feet wide, was dry. As the defendant Chapman was driving at about 45-50 miles per hour, rounding a "blind curve," slightly upgrade, he met an automobile "on the wrong side . . . about half way across the center line of the highway . . . Chapman cut to his right . . . got off the shoulder, lost control . . . careened back to the left . . . hit the bank and then turned over . . . If he hadn't cut to the right he would have hit that car . . . She (the driver) was across the white line in our lane of traffic . . . the car went by and he (Chapman) looked around and said, 'Who was that?' "

At the close of the plaintiff's evidence, of which the above is the substance, the court entered judgments of nonsuit, from which the plaintiffs appealed.

*C. David Swift, for plaintiffs, appellants.*
*Patton & Ervin, by Sam J. Ervin, III, for defendants, appellees.*

PER CURIAM. The plaintiffs' evidence makes out a clear case of sudden emergency. That Chapman was curious as to the identity of the woman driver who forced him off the road, gave voice to that curiosity, and a fleeting glance in the direction of her departure, are not enough to establish actionable negligence. The judgments of nonsuit are

Affirmed.