Henry DeWitt SHANK, Jr., Appellee,

v.

Alec BAKER, Administrator, C.T.A. of
the Estate of Chester Arthur Quick,
Appellant.

No. 9313.

United States Court of Appeals
Fourth Circuit.

Argued April 17, 1964.

Decided June 10, 1964.

Henry L. Anderson, Fayetteville, N. C.
(Anderson, Nimocks & Broadfoot, Fay-
etteville, N. C., on brief), for appellant.

Rudolph G. Singleton, Jr., and James
R. Nance, Fayetteville, N. C. (Nance,
Barrington, Collier & Singleton, Fayette-
ville, N. C., on brief), for appellee.

Before SOBELOFF, Chief Judge, and
HAYNSWORTH and BOREMAN, Cir-
cuit Judges.

SOBELOFF, Chief Judge:

On a clear day in October, 1960, as
Chester Quick was driving south on
United States Route 301 in North Caro-
lina, he was confronted by a northbound
tractor-trailer coming toward him on
his side of the road. The tractor-trailer
was attempting to pass a house-trailer
moving in the same direction. Mr. Quick
reacted by veering his car to the right,
off the road and onto the western shoul-
der. Though the shoulder was sandy, it
was firm enough to support moving ve-
hicles. It was approximately nine feet
wide and slightly slanted to the west. It
was unobstructed. A car driven by
Wayne Alford, which had been four
lengths behind Quick, likewise took to
the shoulder.

After proceeding some 200 to 250
feet and reducing his speed from 50 to
between 35 and 40 miles per hour, Quick
attempted to re-enter the paved por-
tion of the highway which was raised
two inches above the shoulder. He en-
tered at a 45 degree angle, crossed the
center dividing line and struck head-on
the northbound car driven by the plain-
tiff, Henry Shank, Jr. The Alford car
continued on the shoulder until it came
to a safe and uneventful stop some dis-
tance beyond the accident. Both Quick
and his wife, the only passenger, were
killed in the collision. Shank sustained
severe injuries, the extent of which is
not here in dispute.

From the foregoing facts the District
Court, sitting without a jury, concluded
that Quick was negligent and that Shank
was not.

On appeal, it has been urgently argued
to us that the District Judge committed
clear error in finding that a curve in the
road lay south of the point of the colli-
sion. The defendant asserts that the
curve was north of the point of impact

**302**

and that this was a significant factor in determining Quick's liability. It is contended that the curve, which broke to Quick's left, either prevented his observing the oncoming northbound traffic or may have influenced his decision to turn off the shoulder instead of continuing ahead in a course that was not clear, or even could have caused him to lose control of the car. From an independent reading of the record, however, we are convinced that regardless of the location of the curve, it was so slight as to be neither controlling nor important. Alford testified that the curve was "[v]ery gentle" and "so slight" that he could not recall exactly where it started.

The defendant's position is that at all times Quick was acting in a state of emergency caused by the negligence of the tractor-trailer; that only four seconds elapsed from Quick's entry onto the shoulder and his return to the paved portion of the road, and where the collision occurred; and that in such a short time it was impossible to make a considered judgment as to the best course to follow. The defendant asks us to take judicial notice of the "natural human tendency of the average automobile driver to attempt to regain and return to the paved portion of the highway when suddenly forced either by others or by any circumstances onto a dirt shoulder."

Being confronted by a tractor-trailer on his side of the road, heading toward him, was indeed a horrifying experience for Quick. His act of leaving the highway was clearly proper; however, we cannot say as a matter of law that he was free from negligence in re-entering the highway when he did. Bondurant v. Mastin, 252 N.C. 190, 113 S.E.2d 292 (1960).

Three North Carolina cases cited to us by the defendant are inapposite. Jones v. C. B. Atkins Co., 259 N.C. 655, 131 S.E.2d 371 (1963); Lail v. Chapman, 257 N.C. 797, 127 S.E.2d 581 (1962); Patterson v. Ritchie, 202 N.C. 725, 164 S.E. 117 (1932). In these cases the action which each of the defendants took, and for which he was eventually held

blameless, was necessary to avoid imminent contact with another vehicle. Here Quick did not swerve off of the road and immediately return. He continued on the shoulder a considerable distance, estimated, as we have noted, at 200 to 250 feet, and by re-entering the highway, he went from a place of safety to a place of danger. Whether Quick still was acting under the shock of the sudden emergency when he attempted to return to the highway and whether his action was prudent or imprudent under the circumstances were fairly open questions to be answered by the trier of fact. This function was performed by the Judge sitting without a jury, and we cannot say that his determination was clearly erroneous. Cf. Wheeler v. Rural Mut. Cas. Ins. Co., 261 Wis. 528, 53 N.W.2d 190 (1952); Dostal v. St. Paul Mercury Indemnity Co., 4 Wis.2d 1, 89 N.W.2d 545 (1958).

Affirmed